UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY DALE CROUCH, et al.                                                                    PLAINTIFFS

v.                                                                              CIVIL ACTION NO. 3:07CV-638-S

HONEYWELL INTERNATIONAL, INC., et al.                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motions of various component part manufacturers to dismiss the action as to them for lack of personal jurisdiction (DNs 25, 41, 68, 84).

This action arose from a November 21, 2006 airplane crash which occurred approximately one mile from Samuels Field Airport in Bardstown, Kentucky. The plaintiff, Larry Dale Crouch, was flying a Piper PA-32RT-300 airplane. Plaintiff, Teddy Lee Hudson, was a passenger on the plane. They were traveling from Mayfield-Graves County Airport in Mayfield, Kentucky to Capital City Airport in Frankfort, Kentucky. En route to Frankfort, Crouch experienced a sudden loss of engine power necessitating that Crouch attempt an emergency landing at the nearest airport. Unable to glide the distance, Crouch performed a forced landing in a field approximately one mile from the airport. Crouch and Hudson both suffered serious injuries in the crash.

The plaintiffs[1] brought suit against several companies and individuals believed to share liability for the airplane's loss of engine power. Three of those defendants, Teledyne Continental Motors, Inc. ("Teledyne"), Mike's Aircraft Fuel Metering Service, Inc. ("Mike's"), and John Jewell Aircraft, Inc. ("John Jewell"), have moved to dismiss the complaint as to them on the ground that the court lacks personal jurisdiction over them. They are all out-of-state corporations. Teledyne is a Delaware corporation with its principal place of business in Mobile, Alabama. Mike's is an

---

[1] Rhonda Mae Crouch and Carolyn Sue Hudson, their wives, have also asserted loss or consortium claims.

Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. John Jewell is a Mississippi corporation with its principal place of business in Holly Springs, Mississippi.

The plaintiffs do not dispute that these defendants do not have offices, agents, employees or warehouses in Kentucky; do not own, use or possess property in Kentucky; do not advertise in Kentucky; and do not pay taxes or maintain bank accounts here. The defendants contend that the assertion of jurisdiction over them offends constitutional due process inasmuch as (1) none of them has purposefully availed itself of the privilege of doing business in Kentucky, (2) the plaintiffs cannot show that their causes of action arose from the defendants in-state activities, and (3) the plaintiffs cannot show such contacts with Kentucky as would make the exercise of jurisdiction over them reasonable.

The complaint is bare bones, apparently having been filed on the basis of "aircraft records (including, but not limited to, the airframe logbook, the engine logbook, component certifications and maintenance records)" which evidence various maintenance events including the overhaul of the airplane's engine in the first half of 2005. Compl., ¶ 16. The plaintiffs state that the plane has been in the custody of the National Transportation Safety Board ("NTSB") and they have been unable to gain access to it for investigative purposes. Response to Teledyne"s Motion to Dismiss, p. 11. In fact, this action was held in abeyance pending the completion of the NTSB investigation. The stay was lifted by order of the court entered December 12, 2008.

The complaint alleges generally that the defendants committed acts of negligence "in the design, engineering, testing, manufacture, installation, assembly, maintenance and overhaul of the engine, its components and accessories." Compl., ¶¶ 24, 25. There are no allegations concerning any identified part or service provided by any of these defendants.[2] The sole connection to

---

[2]There is nothing in the complaint which ties these particular defendants to the airplane in issue. The court can surmise that some information was provided by the various log books to which the complaint refers, however this is complete conjecture on the court's part.

Kentucky found in the complaint is that Kentucky residents were injured in Kentucky on a plane which crashed enroute between two Kentucky airports.  The interest of Kentucky courts in adjudicating the rights of injured Kentucky residents merely provides the starting point for the analysis, however.

The defendants contend that the exercise of jurisdiction over them in this case would result in their being haled into this jurisdiction "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or third person.'" *Air Products and Controls, Inc. v. Safetech International, Inc.*, 503 F.3d 544, 551 (6th Cir. 2007), *quoting, Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  They point to the complete lack of specific allegations in the complaint that these parties had any contact with Kentucky short of the plane crash having occurred within the state boundaries.  Indeed, the plaintiffs rest their entire jurisdictional argument on the holding in *Miller v. Trans World Airlines, Inc.*, 302 F.Supp. 174 (E.D.Ky. 1969), a case which is not binding authority on this court.

In *Miller*, a case predating *Burger King, supra*., and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), the district court held that jurisdiction could be had over an out-of-state aircraft instrument manufacturer whose instruments were recovered from the wreckage of a Trans World Airlines plane which crashed in Kentucky.  In answer to interrogatories, Kollsman Instrument stated that it did "not know of any commercial airline which does not use Kollsman products."  *Miller,* 302 F.Supp. at 176.  On the basis of the acknowledgment that Kollsman expected its products to be found here, and taking judicial notice of the fact that various commercial airlines land and take off at various locations within the state, the court concluded that Kollsman Instrument

> distributed their products into a stream of commerce such that they might reasonably anticipate that they would be used in the forum state...Kollsman Instrument, by selling its products to General Dynamics to be used on aircraft which fly throughout the country, including Kentucky, purposefully availed itself of the privilege of conducting activities here.  To hold it subject to suit in Kentucky in this action is "reasonable and just according to our traditional conception of fair play and substantial justice.

*Miller,* 302 F.Supp. at 177.

The complaint in this case lacks even so much as a suggestion that these defendants should anticipate, as did Kollsman Instrument, that their products or services would be found in this jurisdiction. There are no facts alleged from which the court may make an assessment as to the requisite contacts.[3]

The court declines to accept an assertion that the *Miller* case establishes a blanket standard in this jurisdiction for minimum contacts in aircraft disaster cases which permits the exercise of jurisdiction over provider of a service or goods in the aircraft industry simply by virtue of the fact that airplanes travel in Kentucky. The standard for the exercise of personal jurisdiction is a constitutional one, requiring scrutiny of the facts of each case to ensure that due process requirements are satisfied in the application of the state's long-arm jurisdiction.

> A state, therefore, may validly maintain personal jurisdiction over a nonresident or foreign corporation litigant in an aviation tort case where, from the facts disclosed by a record plus the inferences reasonably deducible therefrom, such litigant had sufficient contacts with that state that the maintenance of the action against it therein does not offend traditional notions of fair play and substantial justice and hence comport with the United States Supreme Court's modern concepts of what constitutes compliance with the due process clause of the Fourteenth Amendment in obtaining jurisdiction of the person of a nonresident or of a foreign corporation.

1 Aviation Tort and Regulatory Law § 3:11, Krause, Charles and Krause, Kent (2008). Thus we return to the gold standard of the requisite "minimum contacts" for the exercise of jurisdiction over these defendants.

The court looks to the Kentucky long-arm statute, KRS 454.210, in evaluating an assertion of personal jurisdiction in a diversity action. *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d

---

[3] There are a few facts, of sorts, suggested in the briefs of each of the parties but are unsupported by affidavit (or other substantiation such as interrogatory answers as referenced in *Miller)*, and thus are nothing more than argument of counsel. We note, however, that apparently each of these defendants had *something* to do with this aircraft. The defendants apparently take the position that they simply did not do that something here. (*See, ie.*, Reply Brief of Mike's, p. 8 wherein it states that Mike's was provided parts to service from a Mississippi company, the work was performed in Oklahoma, and the parts were returned to Mississippi. Again, we note that none of these statements is substantiated by affidavit or otherwise).

147 (6th Cir. 2007). Personal jurisdiction may be had over non-resident defendants who cause tortious injury within the state if the cause of action arises from the defendant's activities within the state:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's...[c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth...

KRS 454.210(2)(a)(4).

The plaintiffs urge that the defendants derive substantial revenue from the use of their goods or services in Kentucky through the placement of their products or services in the stream of commerce in the aviation industry. Thus they urge that the defendants should reasonably have anticipated being haled into a Kentucky court, as airplanes are highly mobile and designed to travel great distances. A plurality of the United States Supreme Court stated in *Asahi Metal Industries Co. v. Superior Court*, 480 U.S. 102, 112 (1987) that

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

The application of the *World-Wide Volkswagen* and the *Asahi* cases in aviation cases has reached varied conclusions. *See,* The Foreign Defendant: Overview of Principles Governing Jurisdiction, Venue, Extraterritorial Service of Process and Extraterritorial Discovery in the U.S. Courts,, 28 Tort & Ins. L.J. 533 (1993). What is consistent among the cases is that the analysis is highly fact-specific. The plaintiffs must come forward with evidence to establish some purposeful conduct by

the defendants delivering their product or service into the stream of commerce with the expectation that it would be purchased or used by consumers in the forum state. *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 374 (5th Cir. 1987).

When faced with a motion to dismiss, the plaintiffs cannot stand on their pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In the ordinary case, the court would have little trouble dismissing the defendants where the complaint is devoid of allegations from which to find personal jurisdiction. However, as the parties have been unable to access the evidence due to the NTSB investigation, the court will afford the plaintiffs a period of time in which to engage in jurisdictional discovery. The parties may rebrief the dismissal motions thereafter.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

> 1. The motions of the defendants, Teledyne Continental Motors, Inc., Mike's Aircraft Fuel metering Service, Inc., and John Jewell Aircraft Inc., to dismiss (DNs 25, 41, 68, 84) are **DENIED WITH LEAVE TO REINSTATE**.
>
> 2. The parties are granted **NINETY (90) DAYS from the date of entry of this order** in which to engage in jurisdictional discovery.
>
> 3. At the expiration of the limited discovery period, the defendants may refile or rebrief their dismissal motions. Normal response and reply times will apply to any such filings.

**IT IS SO ORDERED.**