UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY DALE CROUCH, *et al.*,     PLAINTIFFS

v.     CIVIL ACTION NO. 3:07-CV-638-S

HONEYWELL INTERNATIONAL, INC., *et al.*,     DEFENDANTS

## **MEMORANDUM OPINION**

On November 21, 2006, Larry Dale Crouch was forced to crash-land a Piper PA-32RT-300 aircraft in a field near Bardstown, Kentucky after the plane's engine suddenly lost power. Couch and his passenger, Teddy Lee Hudson, suffered serious injuries and have sued (*inter alia*) AVCO Corporation for negligence in the design, manufacture, maintenance, and overhaul of the plane's engine. (AVCO's predecessor corporation, Lycoming Engines, manufactured the engine in question.) Discovery has to this point been limited, in part by agreed court order. AVCO nonetheless moves for summary judgment on the ground that, because its involvement with the engine in question ended more than eighteen years before the crash, it is protected from suit by the statute of repose created by the General Aviation Revitalization Act of 1994 ("GARA"), Pub. L. No. 103-298, 108 Stat. 1552, § 2 (codified at 49 U.S.C. § 40101 notes)[1]; *Martin v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009). The plaintiffs have responded by requesting relief under Fed. R. Civ. P. 56(f), in order to obtain additional discovery in support of their claims. They also argue that AVCO is on the wrong side of the merits.

A party moving for summary judgment has the burden of showing that there are no genuine issues of material fact and that the movant is therefore entitled to judgment as a matter of law. Fed.

---

[1] GARA has not been properly codified. For clarity the balance of this opinion will cite it as "GARA § ___."

R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). The evidence must be construed in the light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Everyone agrees the plane involved in this case was manufactured in 1978, so GARA precludes liability for the original engine and parts. The plaintiffs argue that in fact the crash was caused by a recently installed part, such that liability might still attach. *See* GARA § 2(a)(2) (limitation period on a new component begins to run on the date of completion of the replacement or addition). Specifically, the plaintiffs claim that the crash was caused by the "separation of the Teledyne single shaft dual magneto from the Lycoming engine." (Pl.'s Br. 8.) The magneto (which provides power to the engine's spark plugs) had apparently been replaced with a rebuilt part during a 2005 overhaul of the engine performed by co-defendant John Jewell Aircraft. However, that rebuilt part was manufactured by Teledyne Continental Motors, Inc., now a defendant in a related case pending in the Southern District of Alabama. So to keep AVCO in the lawsuit, the plaintiffs argue that it published an overhaul manual that Jewell used when replacing the magneto, that the manual is an airplane "part" within the meaning of GARA, and that it was revised within the limitations period. They thus rest their claim against AVCO on the theory that the overhaul manual was negligently written and/or revised.[2] Alternatively plaintiffs argue that AVCO may have knowingly misrepresented material information to the FAA, in which case the repose statute would not apply. GARA § 2(b)(1). Finally, in a supplemental brief the plaintiffs argue that there is evidence that

---

[2] We reject the defense's attempt to characterize the plaintiff's claim as one for "failure to warn." This is not a case where an inherent problem or limitation with the aircraft is the alleged cause of the crash. The allegation is instead that a negligently written manual, properly followed, resulted in a faultily overhauled engine.

AVCO "is responsible for the magneto and its attaching mechanisms." (Mem. in Support of New Evidence 3.)

We can dispose of the second argument quickly. For § 2(b)(1) to apply, the plaintiff must "plead[] with specificity the facts necessary to prove . . . that the manufacturer . . . knowingly misrepresented to the Federal Aviation Administration, or concealed or withheld from the Federal Aviation Administration, required information that it material and relevant to the performance or the maintenance or operation of such aircraft . . . ." The complaint contains no allegations whatsoever— let alone specifically pled allegations—of knowing misrepresentation, concealment, or withholding of information. Thus the plaintiffs cannot invoke this exception to the repose statute.

The third argument lacks support in the affidavit that is supposedly its basis. In relevant part, that document reads:

> [AVCO] has responsibility for providing the instructions for Continued Airworthiness for the engine and components. That includes the magneto and attaching hardware. [AVCO] provides the means for driving and mounting the magneto. The magneto and all other accessories to the engine such as the fuel pump, oil pump, governor drive, vacuum pump, and alternator are driven from the engine crankshaft.

(Barton Aff. ¶ 4.) The only suggestion here that could lead to liability for AVCO in accordance with GARA is that the defendant provided the means for mounting the magneto. There is however nothing in the Barton Affidavit as to when those mounting parts were manufactured. In fact, the only evidence of that question indicates that original—i.e. 28-year-old—AVCO/Lycoming mounting clamps were reused when new magnetos were installed. (*See* Jewell Dep. 43-45.) GARA bars any claim based on those clamps.

As for the first proposition (that the manual is a "part" under GARA), Plaintiffs rely on *Caldwell v. Enstrom Helicopter Corp.*, 230 F.3d 1155 (9th Cir. 2000). That case involved a

helicopter that crashed after running out of usable fuel; the pilot was unaware that the last two gallons of gasoline in the tank could not be used. *Id.* at 1156. Plaintiffs argued that the helicopter's flight manual was defective, because it did not warn of this danger. The district court held as a matter of law that a flight manual was not a "system . . . or other part" of the aircraft, but the Ninth Circuit reversed. *Id.* at 1157. "As a matter of logic," the court reasoned, a flight manual is either "part of the aircraft, or it is a separate product." *Id.* According to the court of appeals, because every helicopter is required to include a flight manual, it is "an integral part of the general aviation aircraft product that a manufacturer sells." *Id.* The manual, it said, "is the 'part' of the aircraft that contains the instructions that are necessary to operate the aircraft and is not separate from it." *Id.* Under this sensible rule a manual is a "part" for GARA purposes if it is necessary for the operation of the aircraft.

This rule leaves room for an important distinction, as the Fourth Circuit has recognized. In *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270 (4th Cir. 2007) (per curiam), the court ruled that a *maintenance* manual—rather than a *flight* manual—could not be said as a matter of law to be a "part" for purposes of a warranty. The court distinguished *Caldwell* on the ground that while a "flight manual is used by the pilot and is 'necessary to operate the aircraft,'" a "maintenance manual 'outline[s] procedures for the troubleshooting and repair of the aircraft' for the mechanic." *Id.* at 277 (*quoting Caldwell*, 230 F.3d at 1157; *Emory v. McDonnell Douglas Corp.*, 148 F.3d 347, 351 (4th Cir. 1998)). The flight manual (in contrast to a maintenance manual) is required by federal regulations to be onboard the aircraft, *see* 14 C.F.R. §§ 121.133, 121.139, and can more readily be deemed a "part" of it: there must be one flight manual for every individual aircraft, whereas a maintenance manual is likely kept in a hangar or repair facility and used in the care of multiple

aircraft of the same model. *Colgan*, 507 F.3d at 278. Moreover, there are more than one acceptable means of ensuring airworthiness; a maintenance manual not the only option. *See id.* at 277 (*citing* 14 C.F.R. § 43.13). The court decided that an issue of fact existed regarding whether the plaintiff acquired the maintenance manual in the same transaction with the plane itself, or whether it was a separate event not covered by the parties' warranty. *Id.* at 278.

This distinction (AVCO has not raised it, though it otherwise argues that the manual is not a "part") is persuasive and applicable to the case at bar. A flight manual is necessary for proper operation of an aircraft—no less than a propeller or a magneto—in that without knowledge of its contents a pilot cannot safely fly the plane. It is in a sense installed in each individual airplane or helicopter. By contrast an overhaul manual is kept by the mechanic and used not for flight but for guidance in maintaining the vehicle. It is used in the process of installing various parts, but it is not itself installed, even in the broad sense in which a flight manual might be. Complete knowledge of the overhaul manual's contents is not necessary for safe operation of the plane: a pilot need not know the thickness and composition of each and every gasket. Furthermore, the language of the statute indicates that for the repose period to apply, a new component must replace one that was "originally in, or which was added to, the aircraft." GARA § 2(a)(2); *Alter v. Bell Helicopter Textron*, 944 F. Supp. 531, 538 (S.D. Tex. 1996). An overhaul manual is not "originally in" or "added to" an aircraft, so it is not a part for GARA purposes.

Our agreement with the defense's position, however, has an effect that we suppose AVCO did not intend. The statute of repose reads in relevant part as follows:

> Except as provided in subsection (b), no civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought *against the manufacturer of the aircraft or the manufacturer of any new component*, system, subassembly, or other part of the

- 5 -

> aircraft, *in its capacity as a manufacturer* if the accident occurred [after the applicable limitation period].

GARA § 2(a) (emphasis added). The statute creates a repose period only when the manufacturer of an aircraft or an aircraft part is sued in its capacity as manufacturer. Here, AVCO is being sued in its capacity as overhaul manual publisher. The claim is not that it constructed the engine improperly, or that it manufactured a faulty magneto that was later installed on an otherwise functioning engine. Rather, the claim is that AVCO wrote a manual that caused Jewell to perform a bad overhaul, thus proximately causing the wreck. AVCO is not being sued in its capacity as manufacturer, and therefore the statute of repose has no application to it in this lawsuit.

This reading of the statute, we hasten to note, does not reopen the repose period for the entire engine each time an overhaul is performed. The alleged problem here is not with the design or manufacture of the engine or of any of its parts, but with the instructions on how disassemble them and put them back together. To prevail against AVCO the plaintiffs will have to show that it or one of its predecessors acted negligently in the creation of the manual that Jewell used in performing the overhaul, and that this negligence caused their injuries.

We suppose AVCO might object here that because engine manufacturers provide overhaul manuals for their products, plaintiffs' claim is in fact raised against it in its capacity as engine manufacturer. AVCO, not having considered the interpretation of the statute just offered, has not raised this contention, but we preemptively note that it is not promising. Because the manual is not a "part" it must be a separate product, *see Caldwell*, 230 F.3d at 1157, meaning that an entity creating both engines and overhaul manuals acts in two separate capacities. AVCO cannot have its cake and eat it too: it cannot say that the item over which it is being sued is not part of the engine and also say that it is being sued as an engine manufacturer.

Summary judgment under GARA is not appropriate. There is some suggestion in AVCO's reply briefing that the plaintiffs have presented insufficient evidence to give rise to a genuine question of fact regarding the prima facie negligence case, but that issue has not been fully fleshed out. We will not grant judgment on that basis at this time. The stay of discovery will be lifted, but any further discovery taken from AVCO will be limited to information needed for evaluation and proof of the claim to which the plaintiffs have limited themselves—viz., negligent overhaul-manual authorship. A separate order will issue in conformance with this opinion.