UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY DALE CROUCH, et al.                                              PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:07-CV-638-S

HONEYWELL INTERNATIONAL, INC., et al.                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on defendant AVCO Corporation's motion for reconsideration of our July 12, 2010 Memorandum Opinion (DN 208) and Order (DN 209) denying in part AVCO's motion for summary judgment. Having reviewed the additional briefing provided in this case, we find upon reconsideration that AVCO is entitled to summary judgment on all claims against it. Therefore, the portions of our prior Opinion that do not conform with this Opinion will be stricken, and AVCO's motion for summary judgment will be **GRANTED**.

The facts of this case are set out in detail in the previous Memorandum Opinion. We provide a brief restatement of them to aid in understanding the issues addressed here. This case arises out of a 2006 plane crash near Bardstown, Kentucky. Pilot Larry Dale Crouch and his passenger, Teddy Lee Hudson, suffered serious injuries when Crouch was forced to crash-land his Piper aircraft due to engine failure. Crouch and Hudson sued, among others, AVCO Corporation, whose predecessor corporation produced the engine in question. The engine itself was manufactured in 1978 and is covered by the 18-year statute of repose contained in the General Aviation Revitalization Act of 1994 ("GARA"), Pub. L. No. 103-298, 108 Stat. 1552 § 2 (codified at 49 U.S.C. § 40101 notes). However, Crouch and Hudson argued that AVCO had negligently written or revised a maintenance

manual that a mechanic had used to overhaul the engine in 2005. Crouch and Hudson claimed that the manual was revised during the limitations period, which would reset the clock on the statute of repose.

In our July 12 Memorandum Opinion, we held that the maintenance manual was not an aircraft "part" that, if replaced or revised, would restart the statute of repose under GARA. We also held that GARA's time limits did not apply to AVCO in this case because it was not being sued "in its capacity as a manufacturer."[1] Citing *Caldwell v. Enstrom Helicopter Corp.*, 230 F.3d 1155, 1157 (9th Cir. 2000), we concluded that if the manual is not a "part" of the engine, it must be a separate product. Because the manual is a separate product, we reasoned that AVCO was being sued in its capacity as a publisher of maintenance manuals – not an engine manufacturer. Therefore, this action did not fall within GARA's scope. As a result, we held that AVCO was not entitled to summary judgment on the issue of its negligence in writing or revising the manual because the statute of repose simply did not apply.

Whether AVCO was being sued in its capacity as a manufacturer was not an issue at the forefront of the parties' original summary judgment motions. Upon review of the supplemental briefing the parties have provided, we now conclude that the portions of our July 12 Memorandum Opinion addressing the capacity in which AVCO was being sued were incorrect.

Federal Aviation Administration regulations require the manufacturers of aircraft and aircraft parts to follow an extensive certification process. *See, e.g.*, *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 804–07 (describing in detail the aircraft

---

[1] GARA's statute of repose applies only to actions against "the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, in its capacity as a manufacturer. . . ." GARA §2(a).

certification process).  As part of this process, the manufacturer must produce instructions to assist in the continuing maintenance and overhaul of the engine. *See* 14 C.F.R. § 33.4 (2010). This regulation has existed in one form or another since the 1950s, *see* 14 C.F.R. § 13.21 (1952), and was in effect when AVCO's predecessor corporation made the engine in 1978. *See* 14 C.F.R. § 33.5 (1974). Thus, when AVCO's predecessor produced the engine, it was also required to produce the overhaul manual.

Knowing that production of a maintenance manual is a mandated element of engine certification changes our analysis of the capacity in which AVCO is defending this suit. Were the manual produced as a mere convenience for buyers or offered for sale as an optional accessory for those who wished to receive "official" instructions on engine maintenance, our original opinion would stand.  However, engine manufacturers do not merely provide overhaul manuals to buyers because they are trying to be helpful; they are required by law to do so. Production of the manual – like employing fire protection measures[2] and conducting endurance testing in reciprocating engines[3] – is an essential element in the overall process of creating a product that satisfies FAA regulations. The maintenance manual may technically be a separate product, but it is a separate product created by an engine manufacturer in compliance with the law. The engine manufacturer is still acting within the scope of its legal obligations as a manufacturer when it produces the manual; its capacity does not change because it is doing what the law demands. We conclude, therefore, that AVCO was acting in its capacity as an engine manufacturer when it produced the overhaul manual.

---

[2]*See* 14 C.F.R. § 33.17 (2010).

[3]*See* 14 C.F.R. § 33.49 (2010).

This conclusion does not affect our earlier finding that the manual is not a "part" of the engine for GARA's purposes. The manual is perhaps best characterized as a required accessory that the engine manufacturer must produce or do – along with many other things – in order to make a safe and legal product. It is not, however, a "part" under GARA such that its modification would re-start the statute of repose. Our analysis on this point from the prior Memorandum Opinion stands.

Our conclusion here does, however, alter the outcome we reached in the July 12 Memorandum Opinion and accompanying Order. Because we now find that AVCO was acting in its capacity as a manufacturer when it produced the manual, GARA's statute of repose applies to it. However, as explained in full in the previous Memorandum Opinion, the maintenance manual is not a "part" of the engine, and any revision to it during the limitations period would not affect the statute of repose. Plaintiffs Crouch and Hudson do not claim that AVCO modified or replaced any other part of the engine during the repose period; their theory of liability rests solely on the manual. Because Crouch and Hudson have indicated no AVCO-created part that is not protected by the statute of repose, we conclude that AVCO is entitled to summary judgment on all claims against it in this case.

A separate Order will issue in accordance with this Opinion.