UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY DALE CROUCH, et al.                                                         PLAINTIFFS

v.                                                  CIVIL ACTION NO. 3:07-CV-638-S

HONEYWELL INTERNATIONAL, INC., et al.                            DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on three motions by the plaintiffs:

1. A motion for reconsideration of this court's order granting summary judgment for defendant AVCO Corporation (DN 220);

2. A motion to file a first amended complaint (DN 219); and

3. A motion to submit supplemental evidence in support of the motion for reconsideration (DN 223).

### I.

This case arises out of a 2006 plane crash near Bardstown, Kentucky. Pilot Larry Dale Crouch and his passenger, Teddy Lee Hudson, suffered serious injuries when Crouch was forced to crash-land his Piper aircraft due to engine failure. The plaintiffs claim that the engine failure was caused by the separation of a magneto (which provides power to the engine's spark plugs) from an engine that was manufactured by Lycoming Engines, the predecessor corporation of defendant AVCO.

In December 2009, AVCO moved for summary judgment, arguing that it was protected by the 18-year statute of repose contained in the General Aviation Revitalization Act of 1994

("GARA"), Pub. L. No. 103-298, 108 Stat. 1552 § 2 (codified at 49 U.S.C. § 40101 notes). The parties agreed that AVCO's involvement with the aircraft's engine itself had ended more than 18 years before the crash, so AVCO had no liability for the original engine and its parts. However, the plaintiffs argued that AVCO was nonetheless liable because it had produced an overhaul manual, revised within the repose period, that had been followed by a mechanic who overhauled the engine in 2005. The plaintiffs argued that AVCO had negligently written and/or revised the manual, which led to a faulty overhaul, and, eventually, the crash.

On July 12, 2010, this court entered a memorandum opinion and order (DNs 208 & 209), denying defendant AVCO's motion for summary judgment based on GARA. In the July 12 opinion, we held that the allegedly deficient manual was not a "part" of the aircraft under GARA, but that GARA did not cover the claims against AVCO because AVCO was not being sued in its "capacity as a manufacturer."

On July 23, 2010, AVCO moved for reconsideration. On November 1, 2010, we granted the motion, finding that, based on AVCO's additional briefing, AVCO was acting in its "capacity as a manufacturer" when it published the maintenance manual. Our decision rested on the fact that federal law required AVCO to produce the maintenance manual as part of the engine manufacturing process. We granted summary judgment in favor of AVCO based on the GARA statute of repose, but did not alter any other portion of our July 12 opinion. The plaintiffs now move for us to reconsider our decision to grant summary judgment for AVCO, and also to amend their complaint to include allegations of misrepresentation and fraud.

**II.**

The plaintiffs' motion to amend their complaint is intertwined, in part, with their motion for reconsideration. In our July 12 opinion, we noted that the plaintiffs had attempted to invoke an exception to the GARA statute of repose that sets aside the period when a plaintiff "pleads with specificity the facts necessary to prove . . . that the manufacturer . . . knowingly misrepresented to the Federal Aviation Administration, or concealed or withheld from the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft . . . ." GARA § 2(b)(1). We dismissed this attempt, noting that the plaintiffs had not pled any allegations – let alone specific allegations – of knowing misrepresentation, concealment, or withholding of information.

The plaintiffs now argue that, by virtue of their proffered amended complaint, they have cured this problem, and that it is therefore appropriate to re-open their case against AVCO on the basis of fraud or misrepresentation.

Although motions to amend a complaint prior to the entry of judgment against a party are "freely" granted "when justice so requires," FED. R. CIV. P. 15(a), courts must employ a more stringent standard if a party seeks a post-judgment amendment. In order for a complaint to be amended after final judgment has been entered, the plaintiff must show that he is entitled to one of the grounds of relief set forth in FED. R. CIV. P. 59 or 60. *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Service*, 616 F.3d 612, 616 (6th Cir. 2010). Under Rule 59, a court may alter a judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* at 615. The more stringent post-judgment standard is designed to prevent plaintiffs from "us[ing] the court as a sounding board to

discover holes in their arguments, then reopen[ing] the case by amending their complaint to take account of the court's decision." *Id.* (citing *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983)).

The plaintiffs claim that they have newly discovered evidence of misrepresentation and concealment on AVCO's part that warrants amendment of their complaint. They provide three Lycoming service bulletins – issued in 2002, 2003, and 2007 – that identify problems with the magneto assembly in some types of Lycoming engines. The problem with these bulletins, the plaintiffs argue, is that they were not issued for *all* Lycoming engines (including Crouch's) that contained the same magneto assembly. Thus, the plaintiffs claim, Lycoming gave the impression that only some types of Lycoming engines were in danger of magneto separation.

In order to constitute "newly discovered evidence," the evidence must have been previously unavailable. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). This was not the case with the evidence the plaintiffs cite. It is uncontested that the plaintiffs received the service bulletins as part of a discovery response in late December 2009. They did not bring the bulletins to the attention of the court or make any attempt to amend their complaint until approximately 11 months later, after summary judgment had been entered for AVCO. The plaintiffs offer no explanation for this delay other than noting that this case is somewhat complicated, a reason we do not find sufficient to justify re-opening their complaint. The plaintiffs were on notice from our first Memorandum Opinion in July 2010 that their initial attempt to argue fraud and misrepresentation had been rejected for lack of support; they nonetheless chose not to move to amend their complaint, despite having the documents that provided the basis of the amendment in their possession, until nearly five months later – after their case against AVCO had been dismissed. "A claimant who seeks to amend a complaint *after* losing the case must provide a compelling

explanation to the district court for granting the motion." *Leisure Caviar,* 616 F.3d at 617. We do not find the plaintiffs' assertions as to the complexity of this case "compelling," and we will not excuse their attempt to pass off evidence that had been in their possession for months as "newly discovered." Thus, the plaintiffs' motion to amend their complaint, as well as the motion for reconsideration (to the extent it relies on the amended complaint), will be denied.

### III.

The plaintiffs' motion will also be denied to the extent that it argues that the reasoning in our November 1, 2010 opinion was "flawed." Disagreement with a court's judgment or reasoning does not provide grounds for altering or amending a judgment, *see Gesler v. Ford Motor Co.*, 185 F. Supp. 2d 724, 724 (W.D. Ky. 2001). Nor are we convinced, despite the plaintiffs' arguments to the contrary, that the reasoning in our prior opinion constitutes "a clear error," or, if left unchanged, would result in "manifest injustice." *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004) (unpublished) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

The plaintiffs contend that if the overhaul manual is not considered a "part" under GARA, then the statute of repose cannot preclude suit against the aircraft manufacturer that produced it. However, as other courts have recognized when presented with facts similar to those here, the GARA statute of repose can apply to claims alleging negligent production or revision of a maintenance or overhaul manual, even if the manual is not considered a "part" of the aircraft.

For instance, in *Alter v. Bell Helicopter Textron, Inc.*, a plaintiff claimed that the defendants had failed to provide proper instructions to allow for the detection or correction of an

engine design flaw that allegedly caused a helicopter crash. 944 F. Supp. 531, 538 (S.D. Tex. 1996). The court granted summary judgment for the defendants, finding that the manual was not a "part" under GARA such that its revision would reset the statute of repose, but that GARA nonetheless barred liability against the manufacturer. The court explained:

> [T]he plaintiff's theory in the present case . . . is that a specific component failed because of defective design – a propensity to prematurely fatigue and fail – and testing, and that the manual described an inspection procedure which did not correct the design flaw or allow it to be detected. . . . [T]he suit for a failure of the manuals to correct a design flaw is precluded by the statute of repose that bars a suit for the design flaw.
>
> *Id.* at 540.

The court concluded that allowing the plaintiff to raise a claim based on a lack of proper instructions in an overhaul manual would "circumvent the statute of repose by providing a back door to sue for the design flaw – ostensibly not for the design flaw itself, but for the failure of the manuals to adequately correct the flaw." *Id.* at 539–40 (quoting *Butchkosky v. Enstrom Helicopter Co.*, 855 F. Supp. 1251, 1257 (S.D. Fla.1993)).

As has become clear through the briefing accompanying the plaintiffs' motion for reconsideration, the plaintiffs' theory of liability is markedly similar to that of the plaintiff in *Alter*. The plaintiffs here claim that the crash of Crouch's plane was caused by a flaw in the engine designed and manufactured by AVCO's predecessor. They further claim that the manual, also produced by AVCO's predecessor, as well as the service bulletins issued after the manual's publication, failed to provide adequate instructions to correct the flaw or warn of its existence. The plaintiffs do not point to any portion of the manual that contained the *wrong* instructions for the overhaul, nor do they point to any previously existing warning that was negligently deleted. Rather, their entire claim vis a vis the manual rests on their claim that the manual, and

subsequent service bulletins, failed to provide any warning that the magneto assembly in Crouch's plane might come loose.[1] This is precisely the sort of action that GARA forbids. *See, e.g.*, *Alter, supra*; *Robinson v. Hartzell Propeller, Inc.*, 326 F. Supp. 2d 631 (E.D. Pa. 2004); *Burton v. Twin Commander Aircraft, LLC*, 221 P.3d 290 (Wash. App. 2009) (rev'd on other grounds by *Burton v. Twin Commander Aircraft, LLC*, 254 P.3d 778 (Wash. 2011)).

We are satisfied that the conclusion from our earlier opinion is sound. Therefore, the plaintiffs' motion for reconsideration will be denied on this ground as well.

A separate order will issue in accordance with this opinion.

August 16, 2011

**Charles R. Simpson III, Judge**
**United States District Court**

---

[1] In support of this contention, the plaintiffs point to the same service bulletins that they cite as the basis for their claims of fraud and concealment, claiming that although warnings about the magneto assembly were issued for some Lycoming engine models, they were not issued for the model of engine that was in Crouch's plane. The plaintiffs have also proffered additional evidence in support of this theory. In a motion for leave to submit additional evidence (DN 233), the plaintiffs have provided the court with a service bulletin from AVCO, dated February 2011, which expands the warning about the magneto assembly issue to all Lycoming engines. Although we have considered this evidence, it is of no moment given our conclusion that the GARA statute of repose bars the plaintiffs' negligence claims against AVCO.