UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRY DALE CROUCH, *et al.*                                                      PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:07-CV-00638

HONEYWELL INTERNATIONAL, INC., *et al.*                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on a motion by defendant John Jewell Aircraft, Inc., ("John Jewell") to file a third-party complaint (DN 263). For the reasons stated herein, that motion will be granted.

## BACKGROUND

The dispute in this case arises from a 2006 plane crash near Bardstown, Kentucky. Pilot Larry Dale Crouch and his passenger, Teddy Lee Hudson, suffered injuries when Crouch was forced to crash-land his Piper aircraft due to engine failure. In a complaint filed in November of 2007, the plaintiffs brought a claim for negligence against various defendants, including John Jewell. Although the complaint did not provide much factual detail as to the cause of the crash, the plaintiff's March 3, 2010, response to defendant AVCO's motion for summary judgment set forth the plaintiff's apparent theory of the case. Specifically, the plaintiffs contended that the engine failure was caused by the separation of a magneto, which provides power to the engine's spark plugs, from the engine. The magneto was manufactured by the predecessor company of defendant Teledyne Continental Motors, Inc.,while the engine was manufactured by the predecessor company of AVCO. Under this theory, John Jewell was allegedly liable for the crash

because it overhauled the engine in 2005, at which time it replaced the magneto with a rebuilt magneto that it had purchased from Teledyne.

In a November 17, 2008, memorandum of the Rule 16 scheduling conference and order, Magistrate Judge James D. Moyer set June 1, 2009, as the final date to file motions for joinder of parties or amendment of pleadings.

In early 2010, this court held that it did not have personal jurisdiction over Teledyne, and thus transferred the plaintiffs' claims against Teledyne to the United States District Court for the Southern District of Alabama.

On December 30, 2011, John Jewell filed a motion to file a third-party complaint against Kosola and Associates, Inc., and LoPresti Aircraft Engineering Company d/b/a LoPresti Aviation. In the proposed third-party complaint, John Jewell alleges that Kosola had performed engine mount repairs on the airplane and that LoPresti had designed an engine cowling for the plane. The proposed complaint further alleges that Kosola breached its duty to repair the engine mount in a reasonably safe manner and that LoPresti breached its duty to design a cowling that fit and performed properly, and that those breaches proximately contributed to the accident. Thus, the proposed complaint claims that if John Jewell is found to be liable for the plaintiffs' alleged injuries, Kosola and LoPresti would be liable to John Jewell under common law indemnity. Alternatively, John Jewell's proposed complaint asserted that any fault found by the jury should be apportioned between John Jewell, Kosola, and LoPresti.

The plaintiffs oppose John Jewell's motion to file a third-party complaint on the ground that the motion was filed more than two years after the deadline to join parties had passed, more than three years after John Jewell had initially inspected the aircraft, and more than four years

after the original complaint was filed. The plaintiffs complain that adding third-party defendants will cause inordinate delay of the resolution of the plaintiffs' claims by requiring depositions of new parties, new depositions of previously-deposed parties, new evaluations of the aircraft, and new consultations with experts. Finally, the plaintiffs assert that John Jewell is not entitled to indemnity from Kosola and LoPresti under Kentucky law and that impleading parties solely for the sake of apportionment of damages is inappropriate under Kentucky law.

In reply, John Jewell explains that its motion to file a third-party complaint was made in response to the plaintiffs' November 2011 revelation that they would pursue a previously undisclosed theory of liability against John Jewell: that John Jewell was liable for defects in the Kosola engine mount and LoPresti engine cowling. John Jewell asserted that, up until November 2011, the plaintiffs had consistently pressed only the magneto theory, and thus there was no reason for John Jewell to seek to implead Kosola and LoPresti. However, the plaintiffs had proceeded to trial against Teledyne in the Southern District of Alabama on the magneto theory, but Teledyne had prevailed at that trial after presenting evidence that the accident was caused by defects in the engine mount weld and engine cowling rather than the magneto. Thereafter, in a telephone conversation that took place on November 3, 2011, the plaintiffs' attorney told John Jewell's attorney that if John Jewell attempted to make that same argument, the plaintiffs would put forth evidence that John Jewell's actions in repairing the engine had exacerbated any problems caused by the engine mount and engine cowling.[1] In its reply papers, John Jewell also disputed the notion that the plaintiffs would suffer prejudice, noting that a trial date had not yet been set and discovery had not yet been completed. John Jewell further argued that it was the

---

[1] John Jewell provided an affidavit from its attorney, James L. Burt, relating the details of the phone call between himself and the plaintiffs' attorney.

plaintiffs that were injecting new issues into the trial, while John Jewell was simply attempting to apportion fault.

## ANALYSIS

Under Rule 14(a)(1) of the Federal Rules of Civil Procedure, a defendant may implead a third party "who is or may be liable to it for all or part of the claim against it." However, the defendant must obtain leave of the court to file a third-party complaint more than 14 days after serving its original answer. FED. R. CIV. P. 14(a)(1). "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).

Timeliness is undoubtedly a large concern in this case. *See Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (1980) (noting that the timeliness of a motion to implead a third-party defendant "is an urgent factor governing the exercise of such discretion"). The deadline to join parties passed long ago. However, this is not a situation where there is an impending trial date. And, more to the point, John Jewell has put forth a reasonable explanation for its delay in seeking to implead Kosola and LoPresti. As John Jewell notes, the plaintiffs had been advancing the magneto theory, including in motion papers filed in this court. John Jewell submitted with its reply papers an affidavit from its attorney stating that the first time the plaintiffs had indicated they might advance a theory other than the magneto theory was during a November 3, 2011, phone call between John Jewell's attorney and the plaintiffs' attorney. In light of the fact that there was no reason for John Jewell to implead Kosola and LoPresti when the case would solely

center on the magneto theory, this court finds that John Jewell's delay in seeking to file the third-party complaint against Kosola and LoPresti was reasonable.

Additionally, in light of the fact that John Jewell sought to implead Kosola and LoPresti only after the plaintiffs suggested that they might raise issues pertaining to the engine mount and engine cowling, this court finds persuasive John Jewell's argument that the third-party complaint will not inject new issues into the lawsuit. If the plaintiffs are going to present evidence of John Jewell's liability for the engine mount and engine cowling, they will be required to conduct discovery on that issue, regardless of whether Kosola and LoPresti are named parties or not. To be sure, some additional discovery may be required in order to appropriately apportion fault between John Jewell, Kosola, and LoPresti. However, if issues surrounding the alleged malfunctioning of the engine cowling and mount are to be litigated in this trial, then it is surely more efficient to apportion fault in that same action rather than requiring John Jewell to bring a separate action against Kosola and LoPresti. Indeed, the efficiency of making a final determination of the liability of all interested parties in a single suit is the whole purpose of allowing third-party complaints under Rule 14. *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d at 805. And, to the extent that the plaintiffs are concerned about discovery and expert disclosure deadlines, those have been suspended and can be reset as needed.

The plaintiffs contend that "impleading parties merely for the sake of apportionment is not supported by Kentucky law." Courts have disagreed on whether apportionment constitutes a cause of action under Kentucky law for the purpose of impleading a third-party defendant. *Compare Burton v. HO Sports Co., Inc.*, 2009 WL 1390832 (W.D.Ky May 14, 2009) (holding that apportionment was not a valid claim), *with Perry v. Parks*, 2006 WL 658578, at *1-*2 (Ky.

Ct. App. Mar. 17, 2006) (holding that third-party apportionment was a valid claim, and thus trial

court erred in dismissing third-party complaint). However, even assuming that apportionment is

not, by itself, a valid claim for which a third-party may be impleaded, John Jewell's proposed

third-party complaint also presents another claim–for indemnity–against both third-party

defendants.

     To that, the plaintiffs argue that the proposed complaint does not contain sufficient

grounds to entitle John Jewell to indemnity. The plaintiffs contend that the allegations are

insufficient because they do not set forth a breach of duty owed by the third-party defendants to

John Jewell. However, the plaintiffs cite no Kentucky law concerning indemnity claims to

support their position that John Jewell's indemnity claims would be futile. And, in fact,

Kentucky law does not support their argument. A claim for indemnity under Kentucky law does

not require that the party claiming indemnity have been owed a duty by the party against whom

the indemnity claim is asserted. Rather, indemnity is appropriate in the following two situations:

> (1) Where the party claiming indemnity has not been guilty of any fault, except
> technically, or constructively, as where an innocent master was held to respond
> for the tort of his servant acting within the scope of his employment; or (2) where
> both parties have been in fault, but not in the same fault, towards the party
> injured, and the fault of the party from whom indemnity is claimed was the
> primary and efficient cause of the injury.

*Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000) (quoting *Louisville Ry. Co.*

*v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (1934)). John Jewell's proposed

complaint alleges that Kosola and LoPresti breached duties owed to the plaintiffs, and those

breaches were the primary and active causes of the plaintiffs' injuries. Thus, John Jewell's

proposed complaint would, at least on the surface, seem to state a claim for indemnity from

Kosola and LoPresti under the second of the two listed situations.

- 6 -

In sum, John Jewell has presented a reasonable explanation for its delay in seeking to implead Kosola and LoPresti, and it appears that issues surrounding Kosola's and LoPresti's alleged negligence will be the subject of discovery and will be litigated at trial in any event. Thus, this court will grant John Jewell's motion to file a third-party complaint against Kosola and LoPresti.

## CONCLUSION

John Jewell's motion to file a third-party complaint will be granted. A separate order will issue in accordance with this opinion.

April 27, 2012

**Charles R. Simpson III, Judge**
**United States District Court**