UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


LARRY DALE CROUCH, *et al.*                                                                                            PLAINTIFFS


v.                                                   CIVIL ACTION NO. 3:07-CV-00638


HONEYWELL INTERNATIONAL, INC., *et al.*                                     DEFENDANTS


**MEMORANDUM OPINION AND ORDER**


       This matter is before the court on the motion (DN 276) of the plaintiffs for clarification of the Rule 54(b) certification set forth in this court's order of November 1, 2010. For the reasons stated herein, that motion will be granted.

       As set forth in the memorandum opinion accompanying the order entered November 1, 2010, the dispute in this case arises out of a 2006 plane crash near Bardstown, Kentucky. Plaintiffs Larry Dale Crouch, the pilot of the plane, and Teddy Lee Hudson, a passenger, were seriously injured when Crouch was forced to crash-land the Piper airplane due to engine failure. The plaintiffs sued a number of defendants, including AVCO Corporation. AVCO's predecessor corporation had produced the engine in question in 1978. The engine was covered by an 18-year statute of repose contained in the General Aviation Revitalization Act of 1994, Pub. L. No. 103-298, 108 Stat. 1552 § 2 (codified at 49 U.S. § 40101 notes). The plaintiffs nevertheless argued that AVCO was liable for having negligently written or revised a maintenance manual that a mechanic used to overhaul the engine in 2005. The plaintiffs asserted that the manual was a part of the engine and that it had been revised during the limitations period, resetting the clock on the statute of repose. The plaintiffs also asserted that AVCO may have knowingly misrepresented material information to the Federal

Aviation Administration ("FAA"), which renders the statute of repose inapplicable. Finally, the plaintiffs argued that there was evidence that AVCO was responsible for parts of the engine that were overhauled in 2005.

AVCO moved for summary judgment. On July 12, 2010, this court issued an order and accompanying memorandum opinion denying summary judgment on the claim that AVCO had negligently produced or revised the maintenance manual. The court found that AVCO was being sued in its capacity as a manual publisher, not an engine manufacturer, and thus the statute of repose was inapplicable. However, the court rejected the plaintiffs' alternative theories of liability, finding that the plaintiffs had not pled the knowing misrepresentation theory in their complaint and that the argument that AVCO was responsible for a replacement part had no basis in the evidence.

AVCO sought reconsideration of the memorandum opinion and order denying its motion for summary judgment. In a November 1, 2010, order and an accompanying memorandum opinion, this court found, upon reconsideration, that AVCO was entitled to summary judgment on all claims against it. Noting that the FAA required the manufacturers of engines to produce maintenance manuals, this court found that AVCO was acting in its capacity as an engine manufacturer when it created the maintenance manual at issue here, and thus the statute of repose applied. This court also held, consistent with its earlier opinion, that the manual was not a "part" of the engine; thus, revision of the manual during the limitations period did not affect the running of the statute of repose. In the order granting AVCO summary judgment, this court stated, "There being no just reasons for delay in its entry, this is a final order."

The plaintiffs then moved for reconsideration, to submit supplemental evidence in support of the motion for reconsideration, and to file a first amended complaint. In an opinion and an order

entered August 17, 2011, this court granted the plaintiffs' motion to submit supplemental evidence, but denied the plaintiffs' motions for reconsideration and to file a first amended complaint.

Next, the plaintiffs filed a notice of appeal. The Sixth Circuit ordered the plaintiffs to show cause why the appeal should not be dismissed for lack of jurisdiction. Both the plaintiffs and AVCO responded in support of the appeal.

Nevertheless, the Sixth Circuit dismissed *sua sponte* the plaintiffs' appeal for lack of a final appealable judgment. The Sixth Circuit noted that the orders on appeal resolved all of the plaintiffs' claims against AVCO, thus meeting the first requirement of Federal Rule of Procedure 54(b). However, the Sixth Circuit found that this court's statement–"[t]here being no just reasons for delay in its entry, this is a final order"–was insufficient to meet the requirement of Rule 54(b) that the court find that there is no just reason for delay. The Sixth Circuit reasoned that a district court must explain its reasons for finding that there is no just reason for delay, and this court's failure to do so meant that the Court would not "accord [any] deference to the language in the . . . order." Although the Sixth Circuit denied the plaintiffs' request to remand the case to this court to "amplify its statement," the Sixth Circuit noted that "[n]othing precludes the district court from reexamination of the certification."

The plaintiffs have now filed a motion for clarification of the Rule 54(b) certification set forth in the court's order of November 1, 2010. The plaintiffs argue that this court should explain the factors that warrant certification of the order under Rule 54(b). The defendants agree that the order was properly designated a final and appealable order and that clarification of the Rule 54(b) certification is appropriate.

The Sixth Circuit enumerated the following "nonexhaustive list of factors" for a district court to examine in determining whether to certify an order as final under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

(DN 268 (quoting *Corrosioneering v. Tyssen Envtil. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986)). With those factors in mind, the court will explain its reasons for certifying the order granting AVCO summary judgment to be a final and appealable order.

First, the adjudicated claims are separate and distinct from the remaining unadjudicated claims. Specifically, the order adjudicated–in fact, dismissed–all claims against one defendant, AVCO, which has not made any counterclaims of its own.

Further, the Sixth Circuit will not be faced with the possibility of having to redetermine the issue presented by this appeal of the grant of summary judgment on the claims against AVCO. The appellate court's decision on the legal issue of whether the statute of repose in the General Aviation Revitalization Act of 1994 applies to a claim that an engine manufacturer was negligent in writing or revising a maintenance manual will be the final word as to that issue with respect to AVCO. No other claim against the remaining defendants presents a similar issue.

Moreover, there is no chance that future developments in this court will moot the need for review by the Sixth Circuit. The question of whether AVCO was properly dismissed on the ground given by this court will persist until the Sixth Circuit decides it, whether that be immediately or after a final judgment on the remaining claims is rendered.

Additionally, considerations of efficiency counsel in favor of resolving the issue on appeal now, rather than after a final judgment has been rendered on the remaining claims. As noted above, the grant of summary judgment in AVCO's favor was on all claims against it. But, obviously, the Sixth Circuit could disagree with this court's legal conclusions and reinstate the claims against AVCO. If the Sixth Circuit were to do so, the most efficient time for doing so would be before any of the claims against the remaining defendants were tried. That way, the claims against AVCO could be tried at the same time as those claims, preventing the potential need for two trials where many of the same facts concerning the plane crash would need to be adduced. That, of course, would be impossible if a final judgment must be rendered on the remaining claims prior to any appellate review of this court's holding that the statute of repose precluded the plaintiffs' claims against AVCO.

In short, this court has considered the relevant factors for certifying an order final and appealable under Rule 54(b). Having done so, this court finds that there was no just reason for delay in the entry of a final order granting AVCO summary judgment as to all claims against it.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the plaintiffs' motion for clarification of the Rule 54(b) certification set forth in this court's order of November 1, 2010 is **GRANTED**. The conclusions rendered in this Memorandum Opinion and Order are provided to clarify the Rule 54(b) certification in the order of this court entered November 1, 2010.

June 27, 2012

D03

Charles R. Simpson III, Judge
United States District Court