**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**


**LARRY CROUCH, ET AL.**                                            **PLAINTIFFS**

**VS.**                                            **CIVIL ACTION NO.   3:07-CV-638-S**

**JOHN JEWELL AIRCRAFT, INC., ET AL.**                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

The plaintiffs have filed a motion for a protective order regarding John Jewell Aircraft,

Inc.'s requests for admission, which they propounded on one of the plaintiffs, Carolyn Sue Hudson

(docket no. 318).   Having considered the motion and all responses thereto, and being otherwise

advised,

**IT IS HEREBY ORDERED** that the motion is **DENIED** in part and **GRANTED** in part.

This case is approximately six years old and the discovery deadlines have been extended

several times.   The most recent extension established a discovery cutoff of May 31, 2013 (docket

no. 302).   Twenty-seven days after that deadline, John Jewell Aircraft, Inc. propounded fifty-four

requests for admission on Ms. Hudson.   The court has reviewed each request for admission, and

the accompanying interrogatory and request for production of documents.   The court is aware that

the United States Court of Appeals for the Sixth Circuit has not issued an opinion directly on point

with respect to whether requests for admission are generally subject to discovery deadlines, and

that various district courts within the Sixth Circuit and in other parts of the country have reached

different conclusions with respect to whether requests for admissions are properly included within

the parameters of a general cutoff for discovery in a scheduling order.   *See*, *e.g. Hurt v. Coyne*

*Cylinder Co.* 124 F.R.D. 614 (W.D. Tenn. 1989); *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217,

219 (D.D.C. 2001). While this court is inclined to agree with the analysis in *Gluck*, it is also mindful that a district court has broad discretion with respect the extension of discovery deadlines, and agrees with the court in *Hurt* that narrowly written requests for admissions can be helpful tools that permit the elimination of issues from a case prior to trial and thereby avoid the introduction of unnecessary evidence and arguments. The court will therefore **DENY** plaintiffs' motion with respect to requests for admission numbers 9, 15-19, 21-29, 31-41, and 45-48, but will otherwise **GRANT** the motion.

Plaintiffs shall have **thirty days** from the date of entry of this order to admit or deny each request for admission identified above.

DATE:

Copies to
Counsel of Record