# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**LARRY CROUCH, ET AL.**                                              **PLAINTIFFS**

**v.**                                                  **CIVIL ACTION NO. 3:07CV-638-S**

**HONEYWELL INTERNATIONAL, INC., ET AL.**                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Currently pending before the court are four motions filed by John Jewell Aircraft. The first is a motion to strike the reports of four of the plaintiffs' expert witnesses for non-compliance with Federal Rule of Civil Procedure 26, Federal Rule of Evidence 702, issue preclusion, and because they allegedly are "unintelligible" (docket no. 331). The second is a motion to stay John Jewell Aircraft's expert disclosure deadline (docket no. 357). The third is another motion to strike the testimony of plaintiffs' expert Richard Wartman, primarily because he prepared a diagram and related calculations in preparation for his deposition and had not included those materials in his expert report (docket no. 364). The fourth is a motion requesting oral argument of John Jewell Aircraft's second motion to strike (docket no. 377).

This case has been pending for over seven years, during which time, part of it was bifurcated and tried before a jury in Alabama. Throughout the pendency of this case, plaintiffs have been less than clear about their theories of liability with respect to each defendant. The court has expressed concern about this. The defendants have expressed frustration. This frustration, however described in terms of putative non-compliance with applicable rules of civil procedure, is John Jewell's core argument in each of its motions now pending.

Had this case been pending only a short amount of time, or had there not been a repeatedly voiced concern regarding the relative lack of precision of the plaintiffs' claims against each of the defendants and the myriad attendant discovery disputes, or were there a trial pending, the magistrate judge would rule on each motion, allegation by allegation. Upon careful reflection, however, the magistrate judge concludes that doing so in this matter would miss the proverbial forest by focusing on the trees.

There is no trial date set in this matter. There is no deadline for filing substantive motions. There have only been discovery deadlines repeatedly rescheduled. It is time for this case to coalesce into a forthright statement of allegations and proceed accordingly, so that the matter can proceed expeditiously to a trial on its merits.

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs shall, on or before **October 31, 2014**, serve reports from each expert witness they have already identified as such. Each report shall be revised as needed to make sure that it **fully** complies with the requirements of Federal Rule of Civil Procedure 26, and plaintiffs are strongly cautioned to err on the side of caution when evaluating compliance. The opinions shall be expressed clearly and in appropriate detail, with the expert's opinion with respect to each defendant identified with particularity.

**IT IS FURTHER ORDERED** that:

1. Defendants shall have until **January 9, 2015,** to re-depose plaintiffs' experts, if they so choose, and prepare and serve their expert witness reports, and they too are strongly cautioned to err on the side of caution when evaluating the reports' compliance with Federal Rule of Civil Procedure 26.

2. All parties shall have until **February 27, 2015,** to file and serve any *Daubert* motions.

3. All parties shall have until **April 10, 2015,** to file and serve any dispositive motions.

4. John Jewell Aircraft's pending motions (docket nos. 331, 357, 364, 377) are **DENIED AS MOOT,** without prejudice to John Jewell Aircraft's right to re-file similar motions should circumstances warrant.

DATE:

cc: counsel of record