UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:07-CV-638-CHL

LARRY CROUCH, et al.,                                                        Plaintiffs,

v.

 JOHN JEWELL AIRCRAFT, INC.,                                          Defendant.

MEMORANDUM OPINION AND ORDER

In this negligence action arising out of an airplane crash, Defendant John Jewell, Inc. ("Defendant") moves for summary judgment against Plaintiffs Larry Crouch, Rhonda Crouch, Teddy Hudson, and Carolyn Hudson ("Plaintiffs") (DN 470).[1]  Discovery is complete, and the matter is set for trial on April 11, 2016.  The factual and procedural history has already been discussed at length in a number of opinions by this Court disposing of the parties' motions to exclude various expert witnesses on relevancy, reliability, and deficiency of expert report grounds.  For this reason, the Court will not recite these histories in this opinion, but rather refers readers to DNs 529-532.

I.      **Standard of Review**

As this action is in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and Kentucky is the forum state, Kentucky substantive law applies.  *Erie R.R. Co v. Tompkins*, 304 U.S. 64, 78 (1938); *Raw v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006).  However, this Court is to apply federal procedure law.  *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).  Pursuant to Federal Rule of Civil Procedure 56, summary judgment is only appropriate when "the movant shows there is no genuine dispute as to

---

[1] Kentucky Associated General Contractors Self-Insurance Fund (DN 79) and Bridgefield Casualty Insurance Company (DN 118) have filed intervenor complaints.

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "No genuine dispute of material fact exists where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Shreve v. Franklin Cnty.*, 743 F.3d 126, 131 (6th Cir. 2014) (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Courts are to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Id.* (citing Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324). The court must view the facts and the inferences drawn from those facts in a light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88 (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Courts must also remember that the Federal Rules of Evidence and Civil Procedure were not intended "to make summary judgment impossible whenever a party has produced an expert to support its position." *Merit Motors, Inc. v. Chrysler Corp.*, 569 F.2d 666, 673 (D.C. Cir. 1977) (cited favorably by the Sixth Circuit in *Williams v. Ford Motor Co.*, 187 F.3d 533, 543-44 (6th Cir. 1999)). Speculative testimony is insufficient to create a genuine dispute as to a material fact. *Tanner v. Caplin & Drysdale*, 24 F.3d 874, 878-79 (6th Cir. 1994) (citations omitted).

## II.    <u>Analysis</u>

Under general Kentucky negligence law, a plaintiff must "prove the defendant owed a duty to the plaintiff, breached that duty, and consequent injury followed." *Shelton v. Ky. Easter Seals Soc., Inc.*, 413 S.W.3d 901, 906 (Ky. 2013) (footnote omitted) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003)).   Although negligence is traditionally understood to have four elements (duty, breach, causation, and damages), in Kentucky consequent injury "'consists of what hornbooks separate into two distinct elements: actual injury or harm to the plaintiff *and* legal causation between the defendant's breach and the plaintiff's injury.'" *Id.* at 906 n.10 (quoting *Pathways*, 113 S.W.3d at 88-89).   In its brief supporting its motion and reply, Defendant does not make any attempt to undercut the duty and injury prongs.   Rather, its motion attempts to show that it is entitled to judgment as a matter of law because "Plaintiffs fail to offer proper evidence in support of" their causation theory.[2]

The thrust of Defendant's argument is that plaintiffs cannot support their causation theory because their experts' opinions have no foundation and therefore do not constitute evidence that can overcome a motion for summary judgment.   This Court has denied Defendant's *Daubert* motions that attempted to exclude Plaintiffs' causation experts (DN 531).   Consequently, Defendant's argument is without merit.   For this reason, and because there is a genuine dispute of material fact as to the negligence elements, Defendant's motion for summary judgment will be denied.

Plaintiffs' theory of the case is that during an engine overhaul, Defendant made a number of improper modifications to the engine of Larry Crouch's airplane.   These allegedly improper modifications caused excessive engine vibrations, which in turn led to fatigue fractures in the magneto flanges.   These fractures are said to have eventually caused the magneto to separate

---

[2] DN 470-1, 2.

from the engine mid-flight, causing a loss of power in the engine aircraft.  Because his engine allegedly lost power, Crouch was forced to conduct an emergency landing, which caused severe injuries to him and his passenger, Teddy Hudson.

To support this vibration theory, Plaintiffs retained William Carden, Bernard Coogan, Mark Seader, and Richard Wartman.  Although this Court granted Defendant's motion to exclude testimony as to Coogan and ruled that Coogan lacked the expertise required to opine on engine vibrations,[3] the Court ruled that the other three witnesses could testify concerning vibration and causation.  Defendant's motion for summary judgment does not raise any new arguments against Carden's, Seader's, and Wartman's admissibility that were not disposed of in this Court's opinion on Defendant's *Daubert* motions.  In fact, rather than discussing the law on summary judgment, Defendant's present motion primarily rehashes its already rejected arguments on the admissibility of the testimony of Plaintiffs' experts.

Defendant of course has its own theory as to why Crouch's plane crashed, and has retained its own experts to support that theory.  But the Court has admitted Plaintiffs' causation experts and as a result Defendant cannot rely on the inadmissibility of those experts to argue that there is no genuine dispute as to a material fact.  *See* Fed. R. Civ. P. 56(a).  Based on the testimony of Mr. Crouch and Mr. Hudson, as well as their experts, a rational jury could find for the Plaintiffs, and the evidence is not so one-sided that Defendant is entitled to judgment as a matter of law.  *Matsushita*, 475 U.S. at 574; *Anderson*, 477 U.S. at 251-52.  This is not a case in which Plaintiffs have only speculative testimony to support their theory of the case.  *Tanner*, 24 F.3d at 878-79.

---

[3] DN 531, 10-14.

4

### III.   <u>Conclusion</u>

For these reasons, John Jewell Aircraft, Inc.'s motion for summary judgment is hereby DENIED.

cc:  Counsel of record