UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:07-CV-638-DJH

**LARRY CROUCH, et al.,**                                                             **Plaintiffs,**

v.

**JOHN JEWELL AIRCRAFT, INC.,**                                      **Defendant.**

## MEMORANDUM OPINION AND ORDER

### Background

Before the Court is a Motion to Dismiss Claims for Lost and Impaired Earnings ("Motion to Dismiss") (DN 506) filed by Plaintiffs Larry Crouch, Rhonda Mae Crouch, Teddy Lee Hudson, and Carolyn Sue Hudson ("Plaintiffs"). Plaintiffs move the Court for an order dismissing only these claims:

1. Larry Crouch's claim for past lost wages and earnings (Complaint, ¶ 30);

2. Larry Crouch's claim for impairment of future earning capacity (Complaint, ¶ 31);

3. Teddy Hudson's claim for past lost wages and earnings (Complaint, ¶ 36); [and]

4. Teddy Hudson's claim for impairment of future earning capacity (Complaint, ¶ 37).

(*Id*. at 1.)

Plaintiffs state that they do not intend to introduce any evidence to support the damages described above and do not intend to ask the jury to award any such damages if the Motion to Dismiss is granted. (DN 506, pp. 1-2.) Plaintiffs further assert, "Upon granting of this motion,

1

no party should be permitted to introduce evidence relating to past or future lost wages, or the financial condition of any party." (*Id*. at 2.)

Intervenor Plaintiffs Kentucky Associated General Contractors Self Insurance Fund and Bridgefield Casualty Insurance Company ("Intervenor Plaintiffs") filed a response (DN 525). Intervenor Plaintiffs have no objection to Plaintiffs' Motion to Dismiss; however, they object to the Motion to Dismiss to the extent it attempts to preclude Intervenor Plaintiffs from presenting evidence at trial in support of their statutory rights for the enumerated damages, *i.e*. Plaintiffs' lost wages and earnings and impairment of future earning capacity. "In fact, in light of Plaintiffs' motion, Intervenor Plaintiffs intend to pursue that element of damages – Plaintiffs' past lost wages and earnings and impairment of future earning capacity – as direct rights of recovery pursuant to KRS 342.700 and *Zurich American Ins. Co. v. Haile*, 882 S.W.2d 681 (Ky.1994), and to present evidence limited to that element of damages at trial." (*Id*. at 1.)

Defendant John Jewell Aircraft, Inc. ("JJA") has also filed a response (DN 526). JJA does not object to the dismissal of the enumerated claims as long as the dismissal is *with prejudice*. (*Id*. at 2.) JJA also takes issue with Plaintiffs' statement in the Motion to Dismiss that dismissal of the enumerated claims will streamline the presentation of evidence at trial. JJA contends that this is not necessarily true as Intervenor Plaintiffs will have to prove their damages to the jury, and JJA will defend against those claims. (*Id*. at 2.) JJA also disagrees with Plaintiffs' assertion that upon granting of the Motion to Dismiss, "no party should be permitted to introduce evidence relating to past or future lost wages, or the financial condition of any party." (DN 506, p. 1.)   As JJA points out, Intervenor Plaintiffs will have to prove their

damages. JJA also states that Plaintiffs' wages or financial condition might otherwise be relevant to an issue at trial in a way that it cannot predict at this time.

In their reply, Plaintiffs assert that they "do not intend to prevent Intervenor Plaintiffs from presenting any evidence that is otherwise relevant and admissible in pursuit of the Intervenor Plaintiffs' individual claim." (DN 533, pp. 1-2.) Plaintiffs assert that the default rule under Rule 41(a)(1)(B) is that a voluntary dismissal of a claim by court order is without prejudice unless the Court orders otherwise. (*Id*. at 2.) Plaintiffs state, "Here, there is no reason to depart from the default rule. Defendants have offered no consideration or other benefit, and Plaintiffs have received none, in exchange for this voluntary dismissal." (*Id*.) Therefore, while Plaintiffs do not intend to reinstate the enumerated claims in this case, they believe it would be an unwarranted windfall to JJA to dismiss the claims with prejudice.

## Analysis

As an initial matter, there is no basis upon which to prevent Intervenor Plaintiffs from offering evidence at trial in support of their statutory rights for damages. Indeed, Plaintiffs appear to concede this issue. Thus, the only issue is whether the enumerated claims should be dismissed with or without prejudice.

Rule 41(a)(1)(B) states, "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." "[T]he last sentence of Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion to dismiss without prejudice." *United States v. One Tract of Real Property*, 95 F.3d 422, 425 (6th Cir. 1996). Certain conditions must be met, however. "First, the district court must give the plaintiff notice of its intention to dismiss with prejudice. Second, the plaintiff is entitled to an opportunity to be heard

3

in opposition to dismissal with prejudice. Third, the plaintiff must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation." *Id*. at 425-26 (internal citations omitted).

If the Court grants the Motion to Dismiss, it intends to do so *with prejudice*. See *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 576 (6th Cir. 2010) (finding that the district court must give the plaintiff notice of its intention to dismiss with prejudice) (citing *United States v. One Tract of Real Property*, 95 F.3d 422, 425-26) (6th Cir. 1996). Therefore, the Court will give Plaintiffs an opportunity to be heard in opposition to the dismissal with prejudice at the final pretrial conference set for Monday, March 21, 2016 and to withdraw their Motion to Dismiss if they so choose. *Id*. (finding that the plaintiff is entitled to an opportunity to be heard and to withdraw the request for voluntary dismissal).

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Dismiss (DN 506) is HELD IN ABEYANCE.

Plaintiffs shall be given an opportunity to be heard on the Court's intention to dismiss the enumerated claims with prejudice at the final pretrial conference on **March 21, 2016** and to withdraw the Motion to Dismiss if they so choose.

cc: Counsel of record

4