**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:07-CV-638-CHL**

**LARRY CROUCH, et al.,**                                                        **Plaintiffs,**

**v.**

**JOHN JEWELL AIRCRAFT, INC.,**                                    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion (DN 538) filed by plaintiffs Larry Crouch, Rhonda Crouch, Teddy Hudson, and Carolyn Hudson (collectively, "Plaintiffs") requesting that the Court reconsider its ruling (DN 530) granting the motion of defendant John Jewell Aircraft ("JJA") to exclude the expert reports of Jack Sink. JJA has filed a response in opposition (DN 540). For the following reasons, the motion for reconsideration (DN 538) is **DENIED**.

### BACKGROUND

By memorandum opinion and order (DN 530) entered on January 12, 2016, the Court granted JJA's motion to exclude the expert reports of Jack Sink ("Sink"), one of Plaintiffs' damages experts. The Court found that "Sink's expert reports are plagued with deficiencies," perhaps "most egregious" among them his failure to include – or even, seemingly, to be able to identify at his deposition – the sources of information that he used to formulate the costs that he utilized in crafting life care plans for Plaintiffs Larry Crouch and Teddy Hudson. (*Id.* at 6.) Additionally, the Court pointed out Sink's use of 2009 dollars in formulating the life care plans and his failure to update the same. (*See id.* at 6-7 (discussing other deficiencies in Sink's reports).) The Court further expressed a lack of understanding as to why Plaintiffs failed to supplement Sink's July 2013 expert reports after deficiencies were uncovered during his

deposition in February 2014, particularly after the Court ordered (DN 379) Plaintiffs in September 2014 to update their expert reports to ensure that they complied with the terms of Rule 26 of the Federal Rules of Civil Procedure.

Plaintiffs have now filed a motion styled a "motion to reconsider" (DN 538) the Court's order granting JJA's motion to exclude Sink's expert reports. Neither the motion nor the memorandum of law in support thereof sets forth any legal standard upon which the motion is based. In short, Plaintiffs aver that they did not serve revised versions of Sink's expert reports because they believed that the order requiring them to supplement their expert reports was limited to certain liability experts. They state that they did not believe the Court's order permitted them to supplement the reports of other experts, including Sink. Plaintiffs further argue that they did not know of JJA's opposition to Sink's expert reports until JJA filed its *Daubert* motions related to a number of Plaintiffs' experts in April 2015. Additionally, Plaintiffs argue that to the extent that Sink's reports had deficiencies, such deficiencies were harmless. They contend that JJA's complaints regarding the contents of Sink's reports go to the weight of Sink's testimony, not to its reliability and admissibility. Finally, Plaintiffs argue that a lesser standard than complete exclusion would have been more appropriate in this instance. (DN 538-1 at 11 (suggesting, for example, that the Court could order Plaintiffs to produce Sink for a follow-up deposition at Plaintiff's expense).)

In its response (DN 540), JJA argues that the Court's September 30, 2014 order was clear: it established a deadline for Plaintiffs to supplement all expert reports, not just the reports of four liability experts. It further argues that its objections to Sink's expert reports have been clear and known to Plaintiffs since Sink's February 2014 deposition, and in any event, Plaintiffs'

obligation to supplement their expert reports comes from the Federal Rules of Civil Procedure and exists regardless of whether another party points out the specific deficiencies therein. Finally, JJA argues that the Plaintiffs' failure to supplement Sink's reports was not harmless and that exclusion is the sanction commensurate with the violation in this instance.

## STANDARD

As is noted above, Plaintiffs' motion to reconsider and memorandum of law in support thereof are devoid of any statement of the standard of review for motions to reconsider. The Federal Rules of Civil Procedure do not explicitly provide for a motion for reconsideration. *Jan Tian Lin v. United States*, 2013 U.S. Dist. LEXIS 83055, *3 (W.D. Ky. June 13, 2013) (citing *Ward v. Travelers Ins. Co.*, 835 F.2d 880, *4 n.1 (6th Cir. 1987) ("There is nothing in the Federal Rules of Civil Procedure formally denominated a 'motion to reconsider . . . .'"). Where a party seeks reconsideration of a judgment within 28 days of the judgment being rendered, such requests are typically viewed as motions to alter or amend a judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. "Additionally, Courts have also recognized the availability of a motion for reconsideration pursuant to Rule 60, which affords courts discretion to relieve a party from final judgment, order or proceeding, if the party makes the motion within a reasonable period of time." *Id.* at *3-4 (citing *Lewis v. Mekko*, 2011 U.S. Dist. LEXIS 18256, *2 (W.D. Ky. Feb. 24, 2011); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (parenthetical quotation omitted)).

A court may grant relief under Rule 60 for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "Though relief under Rule 60 is available and subject to fairly broad definition and discretion, courts should only grant such relief in extraordinary circumstances." *Jan Tian Lin*, 2013 U.S. Dist. LEXIS 83055 at *4 (citing *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000)). The Sixth Circuit provided further guidance on the extraordinary nature of Rule 60 relief in *Info-Hold v. Sound Merchandise, Inc.*, 538 F.3d 448 (6th Cir. 2008):

> "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. Of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *See Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007) (unpublished).

*Info-Hold*, 538 F.3d at 454 (additional internal citations omitted).

## DISCUSSION

The Court construes the motion for reconsideration as a motion pursuant to Rule 60(b)(1), based on Plaintiffs' apparent argument that the Court's analysis and order involved a

mistake of law with respect to Rule 26's requirements for expert reports. It could also be based on the catch-all provision of subsection (b)(6), through which a court may overturn a previous order or judgment based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Regardless of whether the motion is construed as being brought pursuant to subsection (b)(1) or (6), the Court concludes that the extraordinary remedy of overturning its existing order (DN 530) is not justified under these circumstances.

First, Plaintiffs' argument regarding their interpretation of the Court's order of September 30, 2014 (DN 379) is unpersuasive. While Plaintiffs are correct that the beginning of that order specifically addressed four of Plaintiffs' liability experts, the scope of the order clearly went beyond those four experts. Indeed, while the Court addressed several other issues, including the long duration of this litigation, JJA's core defense, and the Court's desire to see the case move forward in an expeditious manner, one of the motions before the Court, JJA's motion to stay the then-existing expert disclosure deadline (DN 357), explicitly attacked Sink's reports. (*See* DN 357, 379.) The Court set several new case management deadlines, denied as moot JJA's then-pending motions, including the motion (DN 357) that addressed Sink's reports, and, in a separate paragraph, ordered Plaintiffs, no later than October 31, 2014, to "serve reports from *each expert witness they ha[d] already identified as such*," ensuring that each report was in full compliance with Rule 26. (*Id.* at 2 (emphasis added).)

Plaintiffs concede that they identified Sink as an expert prior to the entry of the September 30, 2014 order and that they did not supplement Sink's expert reports prior to the October 31, 2014 deadline. Moreover, the Court notes that Plaintiffs raise this argument for the first time in their motion to reconsider. If this purported misunderstanding over the scope and

5

effect of the September 30, 2014 order was truly the reason for their failure to serve a revised version of Sink's expert reports, the Court is at a loss as to why Plaintiffs did not raise this argument in their response (DN 441) to JJA's motion to exclude Sink's reports. In short, the Court has carefully reviewed the language of the September 30, 2014 order in the context of the complex procedural history of this case and finds that Plaintiffs' argument in relation thereto is insufficient to establish entitlement to relief pursuant to Rule 60(b).

Second, Plaintiffs' contention that they did not know of JJA's opposition to Sink's expert reports until the filing of the *Daubert* motion in April 2015 is not credible. Sink's deposition was conducted on February 28, 2014. JJA's motion to exclude is replete with citations to Sink's deposition that JJA contends revealed deficiencies in Sink's reports. Plaintiffs could have served a revised version of Sink's reports that complied with Rule 26 at any time between the February 28, 2014 deposition and the October 31, 2014 deadline set by the Court. Indeed, Plaintiffs did supplement his reports once, in March 2014, but they failed to cure all of the deficiencies in his reports – deficiencies of which they were or should have been aware, based on the terms of Rule 26, since at least the date of Sink's deposition. Moreover, as is referenced above, one of JJA's motions (DN 357) that the Court ruled on by order of September 30, 2014 (DN 379) expressly attacked the sufficiency of Sink's expert reports. That motion (DN 357), which was filed on March 19, 2014, definitively put Plaintiffs on notice of JJA's arguments with respect to Sink.

Third, Plaintiffs' argument that some aspects of Sink's reports go to the weight of Sink's testimony, and not to its admissibility, is well taken, but it is insufficient to support overturning the Court's order excluding his reports. Rule 26(a) requires that an expert report contain, among other things, "a complete statement of all opinions the witness will express and the basis and

reasons for them," as well as "the facts or data considered by the witness in forming them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i), (ii).[1]  Had Plaintiffs satisfied these subparts of Rule 26, it is plausible that Sink would merely be subject to cross-examination on the weight of the facts or data upon which he relied.  However, as is discussed in DN 530, Plaintiffs have failed to meet these threshold requirements of Rule 26.

Finally, the Court declines to alter its conclusion that exclusion of Sink is the proper Rule 37 sanction under these circumstances.  The Court is cognizant of its "gatekeeping role" with respect to expert opinions: "under the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."  *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589, 597 (1993); *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) ("We conclude that *Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge.") (citing Fed. Rule Evid. 702).  Sink's reports are rife with deficiencies and Plaintiffs failed to correct them despite having ample opportunities to do so.  Plaintiffs have not carried their burden of establishing by clear and convincing evidence that, due to some error of law or for any other reason, the Court should take the extraordinary step of overturning its order excluding Sink's expert reports.

---

[1] The Court gives this as an example of the fundamental failure of the Sink reports to satisfy Rule 26.  As is stated in the Court's opinion excluding his reports, Plaintiffs' failure to provide the sources of information used to formulate the life care plans is "perhaps [their] most egregious" error, but the expert reports are "plagued with deficiencies."  (DN 530 at 6.)  The balance of the Court's discussion therein regarding the reports' other deficiencies stands.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration (DN 538) of the Court's order granting JJA's motion to exclude the expert reports of Jack Sink is **DENIED**.

cc: Counsel of record