## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:07-CV-638-CHL

**LARRY CROUCH, et al.,**                                                                 **Plaintiffs,**

**v.**

**JOHN JEWELL AIRCRAFT, INC.,**                                     **Defendant.**

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion (DN 544) filed by Defendant John Jewell Aircraft, Inc. ("JJA") requesting that the Court reconsider its decision (DN 531 at 35-39) excluding the opinion of JJA expert Doug Stimpson ("Stimpson") relating to the suitability of alternative landing sites. Plaintiffs Larry Crouch, Rhonda Crouch, Teddy Hudson, and Carolyn Hudson (collectively, "Plaintiffs") have filed a response in opposition (DN 561). For the following reasons, the motion for reconsideration (DN 544) is **DENIED**.

### BACKGROUND

By memorandum opinion and order dated January 12, 2016, the Court granted Plaintiffs' motion (DN 414) to exclude any testimony by Stimpson regarding the suitability of the landing site. The basis for the Court's ruling – as well as the basis for Plaintiffs' motion to exclude (DN 414) – was that in opining that Larry Crouch could have landed his aircraft in other suitable landing sites, Stimpson relied upon a Google Earth image from 2012-2014, which was six to eight years after the 2006 crash. (*See generally* DN 531 at 35-39.[1]) The Court stated that because neither Stimpson nor any of JJA's other experts "were able to link up their personal knowledge of the crash area on the day of the crash with the Google Earth image, which was

---

[1]     (*See also* DN 414-1 at 1 ("Mr. Stimpson has admitted that [he] does not know when the photograph was made and cannot say that it accurately reflects the landscape on November 21, 2006. Therefore, his opinion is not reliable and should be excluded.").)

likely taken over five years after the crash, the Court [could] say that Stimpson's reliance on this image established a proper foundation for his opinion that numerous more suitable landing sites existed." (*Id.* at 38.)

JJA has now filed the motion to reconsider (DN 544). JJA avers that in March 2016, in the course of preparing for trial of this matter, Stimpson reviewed full-size images of the Google Earth images. JJA contends that the full-size images clearly show that the images were taken on June 14, 2006, approximately five months before the crash. According to JJA, upon viewing the full-size images, "Mr. Stimpson and his staff recalled that they ordered images from Google in 2014 or 2015 but requested images taken in 2006." (DN 544-1 at 3.) JJA goes on to state, "Google satisfied that request and provided images from June 2006." (*Id.*) JJA argues that the Court should now permit Stimpson to testify regarding his opinion as to the availability of alternate landing sites.

In their response (DN 561), Plaintiffs argue that the Court's ruling excluding Stimpson's opinion should stand. They contend that, assuming JJA's narrative is accurate, Stimpson's mistake regarding the date of the images is not excusable. Specifically, they note that Stimpson testified at his deposition that the images were taken between 2012 and 2014, and that they relied on this information while deposing Stinson. They further point out that trial is only weeks away and it is far beyond the deadline for supplementation of expert reports. Moreover, even if the Google Earth images depict the area surrounding the crash site as it appeared on June 14, 2006, that was still five months before the crash occurred and in a different season. In short, Plaintiffs argue that Stimpson's testimony regarding alternate suitable landing sites is unreliable and cannot be cured.

**STANDARD**

The Federal Rules of Civil Procedure do not explicitly provide for a motion for reconsideration. *Jan Tian Lin v. United States*, 2013 U.S. Dist. LEXIS 83055, *3 (W.D. Ky. June 13, 2013) (citing *Ward v. Travelers Ins. Co.*, 835 F.2d 880, *4 n.1 (6th Cir. 1987) ("There is nothing in the Federal Rules of Civil Procedure formally denominated a 'motion to reconsider . . . .'"). "[]Courts have [] recognized the availability of a motion for reconsideration pursuant to Rule 60, which affords courts discretion to relieve a party from final judgment, order or proceeding, if the party makes the motion within a reasonable period of time." *Id.* at *3-4 (citing *Lewis v. Mekko*, 2011 U.S. Dist. LEXIS 18256, *2 (W.D. Ky. Feb. 24, 2011); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (parenthetical quotation omitted)). Rule 60(b) creates several grounds upon which relief may be granted, including, but not limited to "mistake, inadvertence, surprise, or excusable neglect," and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(1), (2). It further provides a catch-all category of "any other reason that justifies relief." *Id.* at (b)(6).

"Though relief under Rule 60 is available and subject to fairly broad definition and discretion, courts should only grant such relief in extraordinary circumstances." *Jan Tian Lin*, 2013 U.S. Dist. LEXIS 83055 at *4 (citing *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000)). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold v. Sound Merchandise, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citing *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007)).

## DISCUSSION

For the following reasons, JJA's motion for reconsideration is denied.  Taking at face value Stimpson and JJA's account of the events leading Stimpson to recall the actual date of the Google Earth images, the Court concludes that their explanation is insufficient to rehabilitate Stimpson's opinion regarding possible alternate landing sites.  This was not an excusable mistake.  Stimpson purportedly recalled the actual date of the images in March 2016, just weeks before trial, nearly a year after his deposition, and several months after the deadline by which the parties were required to supplement their expert reports.  Critically, this was not a mistake on the part of counsel; in involved *testimony* of an expert witness.  In deposing Stimpson, Plaintiffs relied upon his testimony regarding the purported dates of the Google Earth images.  Had Plaintiffs known of the now-apparent actual date of the images, they could have effectively cross-examined Stimpson regarding any differences in the landscape in the five months between the images being captured and the crash.  Instead, they reasonably believed they had uncovered testimony of great value to them.  Only in March 2016 did Stimpson and JJA's counsel correct Stimpson's mistake.  Accordingly, Plaintiffs were deprived of a meaningful opportunity to depose Stimpson regarding the less egregious – but still significant – issue of the import of the passage of time between the date of the images and the date of the crash.

## ORDER

Accordingly, IT IS HEREBY ORDERED that John Jewell Aircraft, Inc.'s motion for reconsideration (DN 544) of the Court's order excluding the expert opinion of Doug Stimpson regarding alternative landing sites is **DENIED**.

cc:  Counsel of record