**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:07-CV-638-CHL**

**LARRY CROUCH,**                                                                                       **Plaintiff,**

**v.**

**JOHN JEWELL AIRCRAFT, INC.,**                                                              **Defendant.**

### MEMORANDUM OPINION AND ORDER

Plaintiffs Larry Crouch, Rhonda Crouch, Teddy Hudson, and Carolyn Hudson (collectively, "Plaintiffs") have filed a motion in limine to exclude evidence of collateral source payments (DN 490).  Defendant John Jewell Aircraft, Inc. ("JJA") has filed a response (DN 513).  This matter is now ripe for review.  For the following reasons, the motion in limine (DN 490) is **GRANTED**.

### I.    Part I

In Part I of the memorandum of law in support of their motion, Plaintiffs present a general argument that JJA should be precluded from "offering evidence or mentioning that any benefits have been or will be paid to the plaintiffs from a collateral source."  (DN 490-1 at 1.) JJA does not contest this portion of the motion.  (*See* DN 513 at 1 ("The collateral source rule is well-established in Kentucky jurisprudence and JJA intends to comply with it.  That resolves Part I of Plaintiffs' motion.").)

For that reason, Plaintiffs' motion in limine (DN 490) is **granted** as to Part I.

### II.    Part II

In Part II of the memorandum of law in support of their motion, Plaintiffs argue that JJA should be precluded from offering evidence of a contractual buyout that Teddy Hudson received

from his employer subsequent to the plane crash.  They argue that the buyout is a collateral source payment and should be excluded under the Kentucky rule precluding admission thereof. (*See generally* DN 490-1 at 4.)  In response, JJA argues that the buyout that Hudson received is not a collateral source payment; rather, it is evidence related to his claim for future lost wages. Specifically, JJA contends that evidence of the buyout could be used to impeach Hudson's claim for lost wages, both regarding the amount of his future wages and the length of time that he intended to work.  (*See generally* DN 513 at 2-3.)  JJA argues that this buyout was "completely unrelated to Hudson's injuries" and that its use at trial would "allow[] for an accurate calculation of the lost wages to which Mr. Hudson may be entitled."  (*Id.* at 3.)

Plaintiffs have repeatedly represented to the Court that they do not intend to put on evidence of future lost wages.  Indeed, they have moved to dismiss their claims for impairment of future earning capacity.  (DN 506; *see* DN 562.)  As Plaintiffs will not be presenting evidence of future lost wages, JJA's stated basis for using the buyout that Hudson received from his employer is moot.

For the foregoing reasons, Plaintiffs' motion in limine (DN 490) is **granted** as to Part II

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion in limine to exclude evidence of collateral source payments (DN 490) is **GRANTED**.

cc:  Counsel of record

2