**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:07-CV-638-CHL**

**LARRY CROUCH,**                                                                      **Plaintiff,**

v.

**JOHN JEWELL AIRCRAFT, INC.,**                                              **Defendant.**

### MEMORANDUM OPINION AND ORDER

Plaintiffs Larry Crouch, Rhonda Crouch, Teddy Hudson, and Carolyn Hudson (collectively, "Plaintiffs") have filed a motion styled, "Motion in Limine to Preclude Any Mention of Settlement Among AIG Insurance, Larry Crouch, and Teddy Hudson" (DN 494). Defendant John Jewell Aircraft, Inc. ("JJA") has filed a response in opposition (DN 516). For the following reasons, the motion in limine is **GRANTED**.

### BACKGROUND

In their motion in limine, Plaintiffs represent that "Larry Crouch and his insurer, AIG, and Teddy Hudson" settled a claim relevant to this matter. (DN 494-1 at 1.) Plaintiffs contend that, pursuant to Rule 408 of the Federal Rules of Evidence, the Court should enter an order "prohibiting defense counsel, the defendant [and] any witnesses from testifying to, referring to, introducing evidence of, or in any other way mentioning in the presence of the jury, any information about [such] settlement." (DN 494 at 1.) Plaintiffs argue that Rule 408(a) prohibits the admission of evidence of a settlement agreement or conduct in pursuit of settlement, and that the exceptions provided in Rule 408(b) do not apply in this case. They further argue that admission of evidence regarding the settlement would mislead jurors and confuse the issues, that it is irrelevant, and that the prejudicial effect of such evidence to Plaintiffs would outweigh any

probative value to any matters in issue. Finally, Plaintiffs claim that any payment made as a result of that settlement agreement would be a collateral source and that evidence of collateral source payments is inadmissible under Kentucky and federal law.

In its response, JJA first contends that Plaintiffs misrepresent the nature of the relationships among the parties to the settlement. Specifically, it states that the settlement was between Teddy Hudson and AIG, which insured AirTwo LLC ("AirTwo"), an entity created by Larry Crouch for the purpose of holding title to the aircraft at issue in this case. JJA has submitted excerpts from the deposition transcripts of Larry Crouch and Teddy Hudson to support its account of these relationships. (DN 517-1 (Crouch deposition excerpts); DN 517-2 (Hudson deposition excerpts).) Second, JJA argues that under Kentucky law, a settling nonparty may be identified at trial and listed on a verdict form as an entity to which the jury may apportion fault. Therefore, JJA contends, evidence of the existence – but not necessarily the amount – of a settlement between Hudson and AIG should be admitted as evidentiary support for including AirTwo as an entity to which the jury may apportion fault.

## DISCUSSION

### A. Standard of Review

    i. Rule 408

Rule 408 of the Federal Rules of Evidence sets forth the standard regarding admission of evidence of settlement offers and negotiations. It provides as follows:

> (a)     Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

> (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a)(1)-(2). Subpart (b) of the Rule sets forth exceptions: "The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). Additionally, "if offered for an impermissible purpose, [such evidence] must be excluded, and if offered for a purpose not barred by the Rule, its admissibility remains governed by the general principles of Rules 402, 403, 801, etc." Fed. R. Evid. 408 advisory committee note (2011); *see, e.g.*, *United States v. Tevis*, 2013 U.S. Dist. LEXIS 171990, *4-11 (E.D. Ky. Dec. 6, 2013) (analyzing exclusion of draft settlement agreement in relation to Rules 408 and 401).

    ii.    Apportionment of Fault

Kentucky has adopted comparative fault, codified in KRS 411.182, as its remedial scheme for all tort liability, including products liability. *Sadler v. Advanced Bionics, LLC*, 2013 U.S. Dist. LEXIS 54697, *8 (W.D. Ky. Apr. 16, 2013) (citing *Ky. Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 802 (Ky. 2005)). "[T]he adoption of comparative fault and its codification in KRS 411.182 were designed to prevent a plaintiff [from] being able to allocate fault against a tortfeasor far in excess of that tortfeasor's actual liability." *Id.* (citing *Ryan*, 177

S.W.3d at 797). In pertinent part, Kentucky's comparative negligence statute, KRS 411.182, provides as follows:

> (1) In all tort actions . . . involving fault of more than one (1) party to the action, including third-party defendants and persons who have been released under [settlement agreements], the court, unless otherwise agreed by all parties, shall instruct the jury to answer interrogatories . . . indicating:
>
> > (a) The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
> >
> > (b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability . . . .

KRS 411.182(1)(a)-(b).

"If there is an active assertion of a claim against joint tortfeasors, and the evidence is sufficient to submit the issue of liability as to each, an apportionment instruction is required whether or not each of the tortfeasors is a party-defendant at the time of trial." *Floyd v. Carlisle Constr. Co., Inc.*, 758 S.W.2d 430, 432 (Ky. 1988); *see Sadler*, 2013 U.S. Dist. LEXIS 54697 at *2 ("Under Kentucky law, the Court may provide an apportionment instruction against a dismissed defendant."[1]). The Kentucky Supreme Court elaborated on the issue of apportionment in *CertainTeed v. Dexter*, 330 S.W.3d 64, 74 (Ky. 2010), stating as follows:

> Empty-chair defendants who have settled are to be treated no differently than participating defendants in regard to what must be proved to apportion fault against them. Though the empty-chair defendant will not actually be held liable in the trial, since it is literally not on trial, a participating defendant must still prove liability on the part of the tortfeasor onto whom it seeks to shift some of the blame.

---

[1] "However, Kentucky law prohibits an apportionment jury instruction where the Court dismissed the nonparty on the merits." *Id.* at *2-3.

*See Sadler*, 2013 U.S. Dist. LEXIS 54697 at *3 ("The Kentucky Supreme Court extended this rule in *CertainTeed* . . . to provide for apportionment of fault to an empty-chair defendant only where the active defendant shows that the empty-chair defendant was liable for Plaintiffs' injuries.").

In short, "[t]he mere fact that a party has been sued or has settled does not permit the factfinder to allocate part of the total fault to that party." *Faulkner v. ABB, Inc.*, 2012 U.S. Dist. LEXIS 82564, *18 n.5 (quoting *Owens Corning Fiberglass Corp. v. Parrish*, 58 S.W.3d 467, 472 n.5 (Ky. 2001)). "[F]ault may not be properly allocated to a party, a dismissed party or settling nonparty unless the court or the jury first find that the party was at fault; otherwise, the party has no fault to allocate." *Owens*, 58 S.W.3d at 472 n.5 (citing KRS 411.182; *Floyd*, 758 S.W.2d at 432). Additionally, "[i]t must be noted that the apportionment of a part of the fault to a tortfeasor who is not a party to this action does not impose any liability upon him or warrant a judgment against him. The apportionment only determines the percentage of the total damages for which he was actually responsible . . . ." *Floyd*, 758 S.W.2d at 432.

The Kentucky Supreme Court in *CertainTeed* provided analysis of the burden of proof applicable in "case[s] such as this where the defendant is trying to transfer responsibility to an empty-chair defendant[.]" *Sadler*, 2013 U.S. Dist. LEXIS 54697 at *3. The *CertainTeed* court stated as follows:

> Ordinarily, to apportion fault among multiple tortfeasors, the plaintiff must prove each tortfeasor's liability beyond the plaintiff's burden of proof (usually by a preponderance of the evidence in a civil case). It would not be fair to make a tortfeasor liable with anything less. This means sufficient evidence of all the elements of the tort must be presented against every tortfeasor to which fault is assigned. If there is insufficient evidence as to a tortfeasor, the jury cannot properly apportion fault against it.

> The question [in a case in which some of the alleged tortfeasors do not participate in the trial, including because of a prior settlement] is how much proof is needed to allocate fault to such an empty-chair defendant. *The burden of proof in such a case is effectively shifted, since it is the participating defendant, not the plaintiff, who seeks to show that the empty-chair defendant is responsible.* Rather than trying to show the actual liability of the empty-chair defendant, as a plaintiff might do, the participating defendant is merely seeking a reduction of its liability.

*CertainTeed*, 330 S.W.3d at 73 (emphasis added). In describing *CertainTeed*, this Court has stated, "[t]he Kentucky Supreme Court reasoned that [a burden-shifting approach] is necessary to avoid the inconsistent effect of a contrary rule, whereby a plaintiff would have to prove a case against a defendant at a higher standard of proof to obtain recovery than a defendant would have to prove against an empty chair defendant to shift fault and thereby reduce plaintiff's recovery." *Sadler*, 2013 U.S. Dist. LEXIS 54697 at *3-4 (citing *CertainTeed*, 330 S.W.3d at 73-74).

### B. Application to this Case

In this case, Plaintiffs ask the Court to prohibit JJA from introducing evidence of the settlement between Teddy Hudson and AIG. Plaintiffs' motion is short on argument. The Court believes Plaintiffs' argument to be that any mention by JJA of the AIG-Hudson settlement would be used to prove the "validity of a disputed claim" (Hudson's claim against AIG's insured, AirTwo) and would therefore be impermissible pursuant to Rule 408(a) of the Federal Rules of Evidence. Given that Larry Crouch is the sole member of AirTwo, the Court believes Plaintiffs' argument to be that JJA would be using the settlement agreement to argue that Larry Crouch bears liability in relation to the crash. This, Plaintiffs contend, would violate Rule 408, and none of the exceptions permitted under Rule 408(b) applies here. In its three-page response, JJA does not even mention the potential application of Rule 408; rather, its response is based entirely on

6

the apportionment issue. JJA's argument is that "it would be error to exclude all evidence of AIG's settlement with Mr. Hudson, and in fact, it is incumbent that AirTwo be identified to the jury as a party to whom fault may be apportioned." (DN 516 at 2.) As the discussion below illustrates, contrary to how JJA frames the issues in the preceding sentence, in actuality, the admissibility of the settlement and apportionment are distinct issues.

The Court reserves ruling for now as to whether AirTwo is an entity against which a claim was actively asserted and which "ha[s] been released" under a settlement agreement. KRS 411.182(1); *see Floyd*, 758 S.W.2d at 432 ("If there is an active assertion of a claim against joint tortfeasors, and the evidence is sufficient to submit the issue of liability as to each, an apportionment instruction is required whether or not each of the tortfeasors is a party-defendant at the time of trial."). But, even if AirTwo is included in the apportionment instruction, JJA may only seek to establish evidence of liability on the part of AirTwo – or, for that matter, Larry Crouch individually – using evidence that is admissible under the Federal Rules of Evidence. The mere fact that a settling nonparty may be included on a verdict form does not necessarily mean that evidence *of the settlement itself* should be admitted in evidence. For the following reasons, the Court concludes that evidence of the settlement between Teddy Hudson and AIG is inadmissible pursuant to Rule 408.

The only reason that the Court can conceive of for JJA to seek to introduce evidence of the Hudson-AIG settlement would be to establish liability on the part of AirTwo, and, by extension, its sole member, Larry Crouch. This is precisely the sort of evidence that Rule 408 is designed to exclude.

Additionally, nothing before the Court would lead it to conclude that any of the exceptions set forth in subsection (b) of Rule 408 would support admission of the evidence of settlement under these circumstances. For example, Larry Crouch, as a plaintiff, is inherently biased in favor of his own position, so it is unnecessary for JJA to use the settlement to show bias on his part. *See, e.g.*, *Hays v. Equitex, Inc. (In re RDM Sports Group, Inc.)*, 277 B.R. 415, 435 (Bankr. N.D. Ga. 2002) (noting trial court's finding that "as a party to the matter, the defendant's bias would be assumed by the jury; and, therefore, the plaintiff need not introduce evidence to establish his bias"). Moreover, JJA cannot use evidence of the settlement to impeach Hudson (or any other witness). *See* Fed. R. Evid. 408(a) ("Evidence of the following is not admissible . . . to impeach by a prior inconsistent statement or a contradiction[.]"); *Hays*, 277 B.R. at 435 ("[P]laintiff may not use the statements to impeach the defendant because inconsistent conduct or statements made in connection with compromise negotiations may not be used for impeachment purposes.") (internal quotes omitted) (citing *EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542 (10th Cir. 1991); *Scholossman & Gunkelman, Inc. v. Tallman*, 593 N.W.2d 374 (N.D. 1999)).

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion to exclude references to the settlement between Teddy Hudson and AIG (DN 494) is **GRANTED**.

cc: Counsel of record