UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:07-CV-638-CHL

**LARRY CROUCH, et al.,**                                                                                      **Plaintiffs,**

v.

**JOHN JEWELL AIRCRAFT, INC.,**                                                                     **Defendant.**

### MEMORANDUM OPINION AND ORDER

Defendant John Jewell Aircraft, Inc. ("JJA") has filed a motion in limine (DN 501) to preclude Plaintiffs from presenting at trial any expected or estimated costs of medical expenses. Plaintiffs have filed a response (DN 509).  This matter is now ripe for review.  For the following reasons, the motion in limine (DN 501) is **granted**.

JJA argues that "Plaintiffs should be required to provide proof of the actual costs of their medical care, not proof of [their life care planning expert's] predicted costs."  (DN 501-1 at 1.) JJA notes that the expert report of Plaintiffs' proposed life care planning expert, Jack Sink, was based on Plaintiffs' medical records prior to 2010 and included expected costs for 2011 through 2015, even though the trial will take place in 2016.  JJA argues that because the cost of care for those years is "now capable of exact proof," references to expected costs should be excluded. (*Id.* at 2.)

In their response, Plaintiffs state that they "agree to th[e] motion, specifically, that for the time that has passed between the date of the subject life care plan and the trial, evidence of the actual medical expenses incurred is better evidence than evidence of expenses that were projected at the time of the report." (DN 509 at 1.)  Plaintiffs go on to state, however, that they should be permitted to introduce "actual medical bills" for the period in question and that their

experts should be permitted to modify their existing reports "to take into account the passage of time when they actually testify at trial." (*Id.*)

For the following reasons, the Court concludes that JJA's motion should be granted. Plaintiffs do not oppose JJA's request that they be precluded from presenting evidence of estimated or expected medical costs. Additionally, by previous orders, the Court granted JJA's motion to exclude the report of Plaintiffs' life care planning expert, Mr. Sink, and denied Plaintiffs' motion to reconsider that ruling. (DN 530, 564.) Therefore, the scope of Mr. Sink's testimony is no longer in issue. Moreover, Plaintiffs have moved (DN 506) to dismiss their claims for past lost wages and earnings and impairment of future earning capacity. (*See* DN 506 at 1-2 (". . . Plaintiffs state that they do not intend to introduce any evidence in support of establishing the damages described above and do not intend to ask the jury to award any such damages . . . .").)

Accordingly, IT IS HEREBY ORDERED that JJA's Motion in Limine to Exclude Presentation of Evidence of Estimated Medical Expenses When Evidence of Actual Expenses is Available (DN 501) is **GRANTED**.

Insofar as Plaintiffs' response (DN 509) amounts to a request that Mr. Sink or any other expert witness be permitted to supplement his expert report at this late date, such request is denied. The presentation of evidence at trial shall be consistent with the Court's ruling herein and all other pretrial rulings.

cc:  Counsel of record