**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:07-CV-638-CHL**

**LARRY CROUCH,**                                                                                              **Plaintiff,**

**v.**

**JOHN JEWELL AIRCRAFT, INC.,**                                                                  **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Defendant John Jewell Aircraft, Inc. ("JJA") has filed an omnibus motion in limine (DN 502). Plaintiffs Larry Crouch, Rhonda Crouch, Teddy Hudson, and Carolyn Hudson (collectively, "Plaintiffs") have filed a response (DN 510). This matter is now ripe for review. For the reasons set forth below, JJA's motion is **granted in part** and **denied in part**.

JJA has moved to exclude the categories set forth in the headings enumerated below.

**1. References to or Comparisons of Law Firms**

JJA asks that the Court exclude any references to the "reputation of or comparison of the relative sizes of the law firms representing any of the parties to this action, including but not limited to any comments to the effect that one is located in a particular city, one law firm is larger or smaller than another, has any particularly notable reputation or type of practice, or employs a particular number of attorneys. . . ." (DN 502-1 at 2.)

Plaintiffs argue that this motion should be denied because the identities of members of the parties' law firms are relevant during voir dire. For example, Plaintiffs state that they should be permitted to explore whether any potential juror has been represented by or has any other relationship with one of JJA's attorneys.

The Plaintiffs' point regarding voir dire is well taken. It is the Court's practice to question potential jurors regarding whether they know any of the parties' attorneys and regarding any connections that potential jurors may have to the legal field. However, the Court interprets JJA's motion as being related to the arguments and evidence at trial and not related to voir dire. The concern about voir dire is the only objection to this motion that Plaintiffs raise. Therefore, Court concludes that Plaintiffs are otherwise unopposed to the motion. The Court finds that JJA's request is reasonable and notes that other courts have granted motions in limine that parallel JJA's motion. *See, e.g.*, *Payne v. Schneider Nat'l Carriers, Inc.*, 2011 U.S. Dist. LEXIS 44723, *8-9 (S.D. Ill. Apr. 26, 2011) (granting motion to exclude any evidence or argument regarding size of party's counsel's law firm); *Miller v. Cottrell, Inc.*, 2008 U.S. Dist. LEXIS 14043, *9 (W.D. Miss. Feb. 25, 2008) (granting plaintiffs' motion to exclude "any reference to the size, location or specialization of counsel's law firm" and noting that defendant did not object to the motion); *Rosenberg v. Cottrell, Inc.*, 2007 U.S. Dist. LEXIS 50383, *10-11 (S.D. Ill. July 12, 2007) (granting defendant's motion to preclude reference to size, locations, or specialties of defense counsel's law firm).

Accordingly, JJA's first motion in limine is **GRANTED**. No party shall reference at trial the size, location, or specialization of any party's counsel's law firm. This ruling has no bearing on the questions asked of potential jurors during voir dire.

**2. References to Other Litigation Involving JJA**

JJA requests that the Court exclude any references to other claims or lawsuits involving JJA. In response, Plaintiffs argue that this motion should be denied and the issue dealt with on a case-by-case basis if it arises at trial. Plaintiffs argue that the case citation included in JJA's

motion relates to the particular matter at issue in that case and does not contain any rules of broader application.

At trial, the Court will make evidentiary rulings consistent with the Federal Rules of Evidence. Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at (b)(2). Looking at JJA's motion through the lens of Rule 404(b), the Court concludes that Plaintiffs shall not introduce evidence of other lawsuits involving JJA as evidence of prior bad acts; such evidence is unquestionably precluded by Rule 404(b)(1). However, evidence of prior lawsuits involving JJA *may* be admissible for another permitted purpose, including those listed in Rule 404(b)(2), subject to the Court's balancing of the probative value of such evidence against the danger of unfair prejudice and the other concerns listed in Rule 403.

Accordingly, JJA's second motion in limine is **GRANTED**. Evidence of other lawsuits involving JJA shall not be offered as evidence that it acted in conformance therewith in this case. Should Plaintiffs seek to introduce evidence of other lawsuits for another purpose, the Court will address related objections on a case-by-case basis.

**3. References to Settlement Negotiations**

JJA seeks exclusion of any references to settlement negotiations, mediation, compromise, or offers to compromise the claims made in this lawsuit. In support of this motion, JJA relies upon Rule 408 of the Federal Rules of Evidence. In response, Plaintiffs state that they do not

oppose this motion, so long as it applies equally to all parties. Indeed, Plaintiffs, too, filed a motion (DN 494) seeking exclusion of references to or evidence of settlement negotiations.

Accordingly, JJA's third motion in limine is **GRANTED**.

### 4. References to Evidentiary Objections

JJA asks the Court to exclude "[a]ny comments upon or reference to the fact that JJA raised any or failed to raise any substantive or procedural objections in the presence of the jury." (DN 502-1 at 3.)

In their response, Plaintiffs state that they are unsure of what relief JJA seeks through this motion. They request that the Court deny the motion or, in the alternative, that the Court reserve its ruling on the motion subject to discussion prior to the start of trial.

The Court finds that JJA's request is too vague to allow it to make an informed ruling. For that reason, JJA's fourth motion in limine is **DENIED**. At trial, JJA will be free to make evidentiary objections in relation to Plaintiffs' counsel's statements or Plaintiffs' witnesses' testimony.

### 5. References to Other Incidents Involving JJA Products or Work

JJA asks that the Court exclude "[a]ny reference to other accidents or incidents involving JJA products or work." (DN 502-1 at 3.) In support of this motion, it relies upon Rules 401 and 403 of the Federal Rules of Evidence.

Plaintiffs oppose this motion, arguing that it is overbroad and nonspecific as to which other accidents or incidents should be excluded. They further argue that in federal court, "other similar incidents are generally admi[tted]" as relevant in negligence and products liability cases. (DN 510 at 3.)

4

As Plaintiffs suggest, "[e]vidence of prior accidents is frequently admitted in negligence and products liability cases." *Burke v. U-Haul Int'l, Inc.*, 2007 U.S. Dist. LEXIS 7539, *3 (W.D. Ky. Jan. 31, 2007). The *Burke v. U-Haul* court provided a concise statement of the applicable standard:

> [B]efore such evidence may be admitted, the Court must make a threshold determination that it is relevant, as defined by Fed. R. Evid. 401. Prior accidents must be "substantially similar" to the one at issue before they will be admitted into evidence. *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989). Substantial similarity means the accidents must have occurred under similar circumstances or share the same cause. *Id.* Even if a prior accident is relevant and substantially similar to the one at issue, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time. Fed. R. Evid. 403. Because the natural tendency of jurors is to believe that similar incidents have similar causes, the use of prior accidents as evidence almost always projects some risk of unfair prejudice.

*Burke*, 2007 U.S. Dist. LEXIS 7539 at *3-4. In order to determine whether prior accidents are substantially similar to the accident in issue, the court must consider the purpose for which the prior accidents are being introduced. *Id.* at *4. There are four reasons commonly cited to justify the use of a prior incident: (1) to show a dangerous condition; (2) to prove that the defendant knew of the danger; (3) to show the risk that the defendant's conduct created; and (4) to show that the alleged defect or dangerous condition caused the injury. *Id.* at *4-6 (citations omitted).

In this case, JJA seeks to exclude all evidence of prior incidents or accidents in which it was involved. JJA's motion is not premised on the "substantial similarity" framework set forth above. JJA does not point to any particular incident or accident that it contends is inadmissible. Without more context, the Court cannot rule in JJA's favor. At trial, the Court will make evidentiary rulings consistent with the Federal Rules of Evidence. In the event that Plaintiffs

5

seek to admit evidence of a prior accident involving JJA, the Court will engage case-by-case analysis of the proffered evidence pursuant to the framework set forth above.

Accordingly, JJA's fifth motion in limine is **DENIED**. Should this issue arise at trial in relation to *specific* evidence offered by Plaintiffs, the Court will hear JJA's arguments as to why such evidence should be excluded.

### 6. Arguments that Jurors Should Put Themselves in the Place of a Party

JJA requests that the Court exclude any argument or suggestion by counsel that jurors should put themselves in the position of a party. Plaintiffs do not oppose this motion.

Accordingly, JJA's sixth motion in limine is **GRANTED**.

### 7. References to the NTSB Report

Finally, JJA requests that the Court exclude any reference to the report of the National Transportation Safety Board ("NTSB"), "apart from the facts recited therein." (DN 502-1 at 3.)

In response, Plaintiffs argue that the NTSB report falls within the public records exception to the general rule excluding hearsay. (DN 510 at 4.) They further argue that JJA's request that the report be excluded "apart from the facts recited therein" is vague. Finally, Plaintiffs argue that because JJA's motion does not reference the report of FAA investigator Charles Holsclaw, any ruling by the Court that would grant JJA's motion should not limit Mr. Holsclaw's testimony or the admission of his report.

The Court construes JJA's motion as tracking the court's analysis in the case upon which JJA relies, *Hurd v. United States*, 134 F. Supp. 2d 745 (D.S.C. 2001). In *Hurd*, the United States objected on hearsay grounds to the use at trial of certain previous testimony that Coast Guard witnesses gave before the NTSB. *Id.* at 749. The court found that the findings of fact in NTSB's

report fell within the hearsay exception for public records and reports. *Id.* at 750. Rule 803(8) of the Federal Rules of Evidence provides that the following information shall not be excluded by the rule against hearsay, regardless of whether the declarant is available as a witness, if the following factors are satisfied:

> (8) Public Records. A record or statement of a public office if:
>
> > (A) it sets out:
> >
> > > (i) the office's activities;
> > >
> > > (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
> > >
> > > (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
> >
> > (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8)(A)-(B). Additionally, as the *Hurd* court stated, "[c]ourts have consistently held that the factual portions of a NTSB report are admissible into evidence, while excluding any agency conclusions on the probable cause of the accident." *Hurd*, 134 F. Supp. 2d at 750 (collecting cases); *id.* (holding that the "factual portions" of the subject NTSB report, the testimony of three witnesses, were admissible).

Based on the foregoing, the Court finds that any findings of fact in the NTSB report in question are admissible pursuant to Rule 803(8), the public records exception to the hearsay rule. Any conclusions by NTSB as to the probable cause of the crash are inadmissible. As to Plaintiffs' request regarding the report of FAA investigator Holsclaw, the Court cannot make an

informed ruling on that issue at this juncture. The Court will address Holsclaw's report at trial in the event that issues arise in relation thereto.

Accordingly, JJA's seventh motion in limine is **GRANTED**. The NTSB's findings of fact are admissible; any legal conclusions in the NTSB report are inadmissible.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that JJA's omnibus motion in limine (DN 502) is **GRANTED IN PART** and **DENIED IN PART** as set forth below, subject to the limitations provided in this memorandum opinion.

1. JJA's first motion in limine is **GRANTED**.

2. JJA's second motion in limine is **GRANTED**.

3. JJA's third motion in limine is **GRANTED**.

4. JJA's fourth motion in limine is **DENIED**.

5. JJA's fifth motion in limine is **DENIED**.

6. JJA's sixth motion in limine is **GRANTED**.

7. JJA's seventh motion in limine is **GRANTED**.

Date: March 30, 2016

**ENTERED BY ORDER OF THE COURT:
COLIN H. LINDSAY
UNITED STATES MAGISTRATE JUDGE
VANESSA L. ARMSTRONG, CLERK
BY:** *Theresa L. Burch* **- Deputy Clerk**

cc: Counsel of record